

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>    Peticionario<br><br>            v.<br><br>Edwin Serrano Reyes<br><br>    Recurrido | Certiorari<br><br>2009 TSPR 126<br><br>176 DPR ____ |

Número del Caso: CC-2008-290

Fecha: 5 de agosto de 2009

Tribunal de Apelaciones:

> Región Judicial de Carolina y Guayama
> Panel XIII

Juez Ponente:

> Hon. Luis A. Rosario Villanueva

Oficina del Procurador General:

> Lcdo. Salvador Antonetti Stutts

Abogado de la Parte Recurrida:

> Lcdo. José Carlos Pizarro Adorno

Materia: Infr. Art. 404 S.C.

Este documento constituye un documento oficial del   Tribunal Supremo que está sujeto a los cambios y correcciones del pr oceso de compilación y publicación oficial de las decisiones   del Tribunal. Su distribución electrónica se hace como un servicio p úblico a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       v.                     CC-2008-290

Edwin Serrano Reyes

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 5 de agosto de 2009.

En esta ocasión, el Ministerio Público nos solicita la revocación de una sentencia del Tribunal de Apelaciones. El foro apelativo intermedio revocó una resolución emitida por el Tribunal de Primera Instancia declarando no ha lugar una solicitud de supresión de evidencia. Como el Ministerio Público se limitó a establecer los motivos fundados para intervenir con el recurrido pero no presentó prueba sobre la razonabilidad del registro sin orden que efectuó la Policía, confirmamos.

I

El 13 de julio de 2007, a eso de las 3:50 de la tarde, el agente de la Policía de Puerto Rico, Miguel Dávila Parrilla, se encontraba haciendo una investigación policiaca en el Condominio Monserrate Towers. Según su testimonio en la vista de supresión de evidencia, éste pudo observar a unos 12 ó 15 pies de distancia a una persona que poseía en su mano izquierda dos envases transparentes y que aparentaban contener *crack* en su interior. Pudo observar cómo el individuo caminó a su vehículo y se apartó del área residencial. El agente comunicó detalladamente las características del individuo y del vehículo para que otros oficiales intervinieran. Posteriormente, el agente Paul Gandía notificó por radio al agente Dávila Parrilla que "la intervención con el conductor del Mirage Technica fue positiva y que ocupó la sustancia". Apéndice del recurso, pág. 13. Todos estos detalles fueron relatados por el agente Dávila Parrilla de forma muy detallada y específica en la vista para adjudicar la moción de supresión de evidencia.

El Ministerio Público presentó contra el señor Serrano Reyes una denuncia por violación al Art. 404 de la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. Sec. 2404. El acusado presentó una moción de supresión de evidencia. En ella, el acusado expuso que el registro en el cual se ocupó la evidencia fue "una intervención ilegal sin ningún tipo de orden expedida por magistrado y no

llena[ba] los requisitos de razonabilidad de acuerdo con la jurisprudencia". Apéndice del recurso, pág. 11. Arguyó además que un registro sin orden se presume inválido e irrazonable y que el Ministerio Público viene obligado a demostrar lo contrario. El acusado señaló en la moción que el Ministerio Público contaba con la declaración del agente Dávila Parrilla y alegó que se trataba de un testimonio estereotipado. El acusado señaló además, que el "motivo fundado no es sinónimo de libertad para intervenir irrestrictiva o irrazonablemente". Apéndice del recurso, pág. 14.

En la vista de supresión de evidencia se encontraban los agentes Miguel Dávila Parrilla y Paul Gandía. El Ministerio Público sometió el caso después del testimonio del agente Dávila Parrilla e indicó que no utilizaría al agente Gandía. Entonces, el Tribunal de Primera Instancia denegó la solicitud de supresión de evidencia.

El acusado acudió en revisión al Tribunal de Apelaciones. Dicho foro determinó que había motivos fundados para el arresto y que el testimonio del agente Dávila Parrilla no fue estereotipado. Ahora bien, el tribunal concluyó que en la vista de supresión de evidencia no se presentó prueba para rebatir la presunción de irrazonabilidad del registro. Razonó el foro apelativo intermedio que el Ministerio Público venía obligado a presentar prueba de los motivos fundados y de la

razonabilidad del registro. El Tribunal de Apelaciones suprimió la evidencia y devolvió el caso al foro primario para la continuación de los procedimientos.

Inconforme, El Ministerio Público acude a este Tribunal y alega que el Tribunal de Apelaciones erró al resolver que el testimonio del agente Gandía era necesario y que no se había cuestionado la razonabilidad del registro.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

II

La Constitución de Puerto Rico, Art. II, Sec. 10, 1 L.P.R.A., dispone que:

> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables…

> Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación…

> Evidencia obtenida en violación de esta sección será inadmisible en los tribunales.

Por su parte, la Enmienda IV de la Constitución de los Estados Unidos consagra el derecho de todo ciudadano a ser protegido contra registros y allanamientos irrazonables. De ordinario se prohíbe el arresto de personas o registros o allanamientos sin una previa orden judicial, apoyada la misma en una determinación de causa probable. Pueblo v. Calderón Díaz, 156 D.P.R. 549, 555

(2002). Esto garantiza la protección a la dignidad e intimidad de las personas. Pueblo v. Colón Bernier, 148 D.P.R. 135 (1999).

Sin embargo, el requerimiento constitucional de previa orden judicial no es absoluto, pues hay situaciones excepcionales y definidas estrechamente por la jurisprudencia en donde se ha reconocido la validez de un registro o arresto sin orden. Lo que la Constitución pretende evitar es la actuación del Estado en forma irrazonable. Pueblo v. Rivera Colón, 128 D.P.R. 672, 682 (1991). Aunque hay circunstancias en que un registro sin orden puede conducirse sin violar la Enmienda IV, para esto, es necesario que exista una justificación o razón suficiente. W.R. LaFave, Search and Seizure: A Treatise on the Fourth Anmendment, 4ta ed., Thomson West, 2004, Vol. 2, Sec. 3.1(a), págs. 6-7.

Hay registros sin orden judicial que son válidos, como por ejemplo el registro incidental a un arresto válido. Pueblo v. Zayas Fernández, 120 D.P.R. 158 (1987). Ahora bien, esto no elimina la exigencia constitucional de razonabilidad al intervenir con un ciudadano o sus pertenencias. Arizona v. Gant, res. el 21 de abril de 2009, 129 S.Ct. 1710, 556 U.S. ___ (2009.

En Pueblo v. Martínez Torres I, 120 D.P.R. 496, 502 (1988), resolvimos que cuando el Estado actúa sin orden judicial el Ministerio Público "viene obligado a probar que el registro realizado fue legal y razonable, que

necesariamente conlleva, como requisito previo, demostrar la legalidad del arresto".

La Regla 11 de Procedimiento Criminal permite que un funcionario del orden público realice un arresto sin orden judicial cuando tenga motivos fundados para creer que el detenido ha cometido un delito en su presencia o ha cometido un delito grave. 34 L.P.R.A. Ap. II R. 11. El motivo fundado es aquella información o conocimiento que conduce a creer que el arrestado ha cometido un delito, según la persona ordinaria y prudente. Pueblo v. González Rivera, 100 D.P.R. 651 (1972). Esta exigencia no impide que varios agentes del orden público actúen en forma coordinada y concertada en la investigación de un crimen, de manera que sus conocimientos individuales resulten en uno colectivo y suficiente. Pueblo v. Martínez Torres I, *supra*.

En Pueblo v. Martínez Torres I, *supra*, al evaluar una solicitud de supresión de evidencia, resolvimos que es necesario que el Ministerio Público presente prueba para establecer los motivos fundados que tuvo el agente que dio la orden o que originó la cadena de información que tuvo como resultado el arresto. En dicho caso, el Ministerio Público presentó como prueba los testimonios de dos de los agentes que efectuaron el arresto pero no presentó prueba sobre los motivos fundados que tuvo el agente que dio la orden para el arresto. Ante esto, revocamos la sentencia condenatoria y devolvimos el caso al foro primario.

Resolvimos entonces que "[e]l hecho [de] que un agente pueda actuar según una comunicación de otro policía sin tener motivos fundados no significa que el Ministerio Público queda relevado de su deber de presentar evidencia para establecer la legalidad del arresto." Pueblo v. Martínez Torres I, *id.* a la pág. 506. En otras palabras, el Ministerio Público no se puede limitar en la vista de supresión a demostrar únicamente que existían motivos fundados para la intervención policíaca, que fueron transferidos de un agente a otro. El fiscal tiene que probar también "que el registro realizado fue legal y razonable." *Id.* a la pág. 502.

Posteriormente, este caso estuvo nuevamente ante nuestra consideración en Pueblo v. Martínez Torres II, 126 D.P.R. 561 (1990). Una vez devuelto el caso en la primera ocasión, el foro primario señaló vista para que el Ministerio Público presentara prueba sobre los motivos fundados que tuvo el agente que ordenó el arresto. El acusado solicitó el archivo de las causas en su contra. Su fundamento fue la garantía constitucional contra la doble exposición en relación con la revocación de la sentencia condenatoria en Pueblo v. Martínez Torres I, *supra*. En esa ocasión determinamos que procedía una vista para evaluar si se suprimía la evidencia a raíz de la revocación de la sentencia apelada para determinar si había que celebrar un nuevo juicio. No se ordenó una vista bajo la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 234, pues ya

el juicio se había celebrado. La vista ordenada era para evaluar la supresión como parte de los planteamientos para la solicitud de nuevo juicio, porque "el error del tribunal [de instancia] al no ordenar la supresión [es] lo que da paso a nuestra decisión de revocar la convicción". Pueblo v. Martínez Torres II, *supra* a la pág. 576.

La Constitución de Puerto Rico permite un registro incidental al arresto cuando "el área registrada está al alcance inmediato del sujeto y el propósito es ocupar armas o instrumentos que puedan ser utilizados por la persona arrestada para agredir a los agentes del orden público, o para intentar una fuga o evitar la destrucción de evidencia". Pueblo v. Miranda Alvarado, 143 D.P.R. 356, 363 (1997); Pueblo v. Costoso Caballero, 100 D.P.R. 147 (1971), Pueblo v. Sosa Díaz, 90 D.P.R. 622 (1964). Véase, *e.g.*, Weeks v. United States, 232 U.S. 383 (1914). El mero arresto legal no convalida *ipso facto* un registro o una incautación sin orden, pues es necesario que el registro haya sido razonable. Pueblo v. Sosa Díaz, *supra*. En nuestra jurisdicción sigue siendo relevante el criterio de razonabilidad para todo registro incidental al arresto. Pueblo v. Malavé González, 120 D.P.R. 470 (1988). *E.g.*, Arizona v. Gant, *supra*. Para determinar si un registro es razonable hay que considerar (1) si la intervención con la persona afectada estuvo justificada, y (2) si el alcance del registro guardó relación con las circunstancias que condujeron a la intervención con la

persona afectada. Pueblo v. Ríos Colón, 129 D.P.R. 71, 86-87 (1991).

Por su parte, la Regla 234 de Procedimiento Criminal, *supra*, es el medio práctico que tiene un ciudadano para hacer valer la disposición constitucional antes discutida. En lo pertinente, la Regla dispone lo siguiente:

REGLA 234. ALLANAMIENTOS; MOCIÓN DE SUPRESIÓN DE EVIDENCIA

La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.
(b) …

En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud y celebrará una vista evidenciaria ante un magistrado distinto al que atenderá el juicio, cuando se trate de evidencia incautada mediando una orden judicial y la parte promovente demuestre que existe una controversia sustancial de hechos que haga necesario la celebración de la vista; en ausencia de tal demostración, el tribunal podrá adjudicar la moción sin vista previa utilizando como base los escritos presentados por las partes.

El tribunal vendrá obligado a celebrar una vista envidenciaria con antelación al jucio, y ante un magistrado distinto al que atenderá el juicio, cuando se trate de evidencia incautada sin previa orden judicial si en la solicitud la parte promovente aduce hechos o fundamentos que reflejan la ilegalidad o irrazonabilidad del registro, allanamiento o incautación. **El Ministerio Público vendrá obligado a refutar la presunción de ilegalidad del registro o**

**incautación y le corresponderá establecer los elementos que sustentan la excepción correspondiente al requisito de orden judicial previa**.

De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y **no será admisible en evidencia en ningún juicio o vista**. La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. (Énfasis nuestro).

En Pueblo v. Maldonado Rivera, 135 D.P.R. 563 (1994), expresamos que la Regla 234, *supra*, le impone al peticionario exponer los hechos precisos o las razones para el fundamento de la moción y la controversia sustancial de hechos que amerite una vista o el tribunal está facultado a resolver la solicitud sin vista evidenciaria. No obstante, en Pueblo v. Blase Vázquez, 148 D.P.R. 618 (1999), resolvimos que una moción de supresión de evidencia no se puede adjudicar sin vista cuando no se haya expedido una orden judicial para realizar el registro impugnado.

Toda incautación o registro realizado sin orden se presume irrazonable y por consecuencia, inválido. Katz v. United States, 389 U.S. 347 (1967); E.L.A. v. Coca Cola Bottling Co., 115 D.P.R. 197 (1984). Esta presunción le impone al Ministerio Público la carga probatoria de demostrar la legalidad y razonabilidad de la actuación del Estado. Pueblo v. Blase Vázquez, *supra*. Esto significa que

en la vista evidenciaria para adjudicar la moción de supresión de evidencia, el Ministerio Público tiene la obligación de presentar prueba y persuadir sobre la razonabilidad del registro. E.L. Chiesa Aponte, Derecho Procesal Penal: Etapa Investigativa, Pubs. J.T.S., 2006, Sec. 4.4(e)(ii), pág. 141. Igual proceder es seguido en la esfera federal y en varias jurisdicciones estatales. LaFave, op cit., Vol. 6, Sec. 11.2(b), pág. 42.[1]

El Tribunal Supremo de los Estados Unidos, de igual forma, ha exigido que un registro incidental a un arresto válido se realice de forma razonable. Arizona v. Gant, supra. La Enmienda IV de la Constitución de los Estados Unidos y la Constitución de Puerto Rico permiten un registro incidental a un arresto válido, pero lo determinante es que el registro sea razonable. E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, op cit., pág. 274.

Al interpretar la Constitución de Puerto Rico, adoptamos la norma esbozada por el Tribunal Supremo Federal en Chimel v. California, 395 U.S. 752 (1969). Chiesa Aponte, op cit., págs. 274-277. Esto es, una persona arrestada válidamente puede ser sometida a un registro superficial o "cacheo". Pueblo v. Zayas Fernández, supra. Sin embargo, un registro minucioso depende de la razonabilidad de "las circunstancias

---

[1] LaFave menciona otras jurisdicciones estatales como Georgia, Indiana, Louisiana, Maine, Minnesota, Nevada, New Hampshire, New Jersey, Ohio, Oregon, Texas y Wisconsin. Véase, LaFave, op cit., Vol. 6, Sec. 11.2(b), pág. 42, n. 34.

específicas" del caso. *Id.* a la pág. 164. Ahora bien, debe quedar claro que tanto bajo la Constitución federal como la de Puerto Rico, la regla referente a los registros incidentales al arresto es la expuesta en Chimel v. California, *supra*, y que por lo tanto, el registro tiene que justificarse por algo más que la mera legalidad del arresto. Arizona v. Gant, *supra*, 129 S.Ct. a la pág. 1723.

En estos casos, el Ministerio Público tiene que rebatir la presunción con prueba que refleje alguna de las circunstancias excepcionales que permiten actuar sin una orden judicial previa o el juzgador deberá aceptar el hecho presumido, o sea, la irrazonabilidad. Pueblo v. Vázquez Méndez, 117 D.P.R. 170 (1986). Aunque la razonabilidad del registro es una determinación de derecho, su resolución requiere la evaluación de cuestiones de hecho. Pueblo v. Martínez Torres II, *supra*; Pueblo v. Blase Vázquez, *supra*.

Si el Ministerio Público no presenta la prueba requerida para rebatir la presunción en su contra, el tribunal deberá aplicar el remedio provisto en la Constitución de Puerto Rico y en la Regla 234 de Evidencia, *supra*, a saber, la exclusión de lo incautado. Todo registro sin orden está afectado por la presunción de invalidez. Cuando se tiene una orden para arrestar o se hace un arresto válido sin orden, la intervención incidental a ese arresto es un registro sin orden que queda afectado por la presunción de invalidez. E.L. Chiesa

Aponte, <u>Derecho Procesal Penal de Puerto Rico y Estados</u> <u>Unidos</u>, Colombia, 1995. Vol. I, sec. 6.7, pág. 217.

Anteriormente, hemos decidido que a la presunción dispuesta en la Regla 234 de Evidencia, *supra*, le aplican las disposiciones de las Reglas 14 y 15 de Evidencia, *supra*. Por lo tanto, el fiscal "viene obligado a ofrecer evidencia so pena de que el juzgador acepte la existencia del hecho presumido, o sea, la irrazonabilidad de la incautación". <u>Pueblo v. Vázquez Méndez</u>, *supra,* a la pág. 176.

En <u>Pueblo v. Vázquez Méndez</u>, *supra*, encontramos que el foro primario había errado al declarar sin lugar una moción de supresión de evidencia y añadimos que "[n]o habiendo cumplido el Ministerio Público con la obligación antes mencionada, procedía que se declarase con lugar la moción de supresión". *Id.* a la pág. 180. Procedimos de igual forma en <u>Pueblo v. Miranda Alvarado</u>, *supra*, en donde revocamos la sentencia apelada y decretamos la supresión de la evidencia obtenida en violación de las garantías constitucionales, revocando así la determinación del tribunal de instancia. Allí expresamos que "el Estado no cumplió con el requisito de demostrar la autoridad común de quien consintió, elemento indispensable cuando se pretende la validez del consentimiento al registro prestado por un tercero". *Id.* a las págs. 367-368. Por último, en <u>Pueblo v. Sosa Díaz</u>, *supra*, decretamos la absolución del acusado una vez determinamos que el

registro que produjo la única evidencia en su contra fue irrazonable y por ende, inadmisible.

III

Este recurso nos plantea dos cuestiones principales: primero, si la prueba que presentó el Ministerio Público en la vista de supresión de evidencia fue suficiente para rebatir la presunción aludida; y segundo, si procede devolver el caso al foro de primera instancia para que celebre otra vista de supresión de evidencia en el caso de que el Ministerio Público haya incumplido con su carga probatoria.

Señala el Ministerio Público que la moción de supresión de evidencia sólo planteaba la ausencia de motivos fundados para arrestar y el testimonio estereotipado del agente Dávila Parrilla. Arguye el Ministerio Público que el acusado no cuestionó la insuficiencia del testimonio del agente Dávila Parrilla ni invocó la necesidad del testimonio del agente Paul Gandía. No le asiste la razón.

En la moción de supresión de evidencia, el acusado claramente estableció que se trataba de un registro sin orden judicial, por lo que se levantaba una presunción en contra del Ministerio Público. Además, el acusado argumentó la ilegalidad de la intervención por su incumplimiento con los requisitos de razonabilidad. En la moción se señaló que la "celebración de una vista evidenciaria es necesaria para que el Ministerio Público

cumpla con el requisito constitucional de demostrar que el registro realizado fue legal y razonable". La moción no se limitó a las alegaciones de testimonio estereotipado sino que expuso que el motivo fundado "no es sinónimo de libertad para intervenir irrestrictiva o irrazonablemente". No era posible alegar la ausencia de prueba en la moción de supresión de evidencia, pues esto surgió tras la omisión del Ministerio Público en la vista. Por otra parte, no le compete al acusado señalar los testimonios necesarios para que el Ministerio Público cumpla con su carga probatoria. El Ministerio Público es quien tiene la discreción de seleccionar qué prueba presenta en la vista de supresión. La defensa cumple su función señalando la insuficiencia de la prueba del fiscal.

En la vista evidenciaria surgió prueba testimonial sobre los motivos fundados que transmitió el agente Dávila Parrilla al agente Gandía y esta prueba fue creída por el foro primario. Aunque es válida la recopilación de información por parte de los oficiales del orden público para establecer los motivos fundados para arrestar o registrar, estas actuaciones del Estado siguen estando subordinadas al criterio de razonabilidad. Establecidos los motivos fundados, era necesaria la prueba sobre la razonabilidad del registro. El Ministerio Público, a pesar de contar con el agente Gandía en sala, no presentó prueba sobre la manera en que se efectuó el registro que culminó

en la incautación de la evidencia impugnada. Con este proceder, el Ministerio Público falló en rebatir la presunción que operaba en su contra, a saber: que el registro fue irrazonable y por consiguiente, ilegal.

Esto diferencia este recurso de Martínez Torres I, *supra*. Allí determinamos que era necesaria la prueba sobre los motivos fundados que tuvo el agente que dio la orden para el arresto. No nos enfocamos en la razonabilidad del registro porque se presentó prueba sobre la forma en que éste se realizó. Por eso, dicho asunto no fue uno de los errores señalados. Aunque en el recurso que ahora nos ocupa el Ministerio Público presentó prueba sobre los motivos fundados, incidió al no establecer mediante prueba la razonabilidad del registro. En Pueblo v. Martínez Torres I, *id.* a la pág. 502, señalamos que el Ministerio Público, además de probar la legalidad del arresto, "viene obligado a probar que el registro realizado fue legal y razonable". Resolvemos ahora que en casos que presentan la actuación conjunta de varios agentes del orden público sin orden judicial, es necesario someter prueba tanto sobre la razonabilidad del registro como de los motivos fundados.

El testimonio del agente Dávila Parrilla sobre este aspecto fue insuficiente para establecer la razonabilidad del registro. Dávila Parrilla se limitó a decir que se le informó que la intervención "fue positiva", descripción insuficiente para establecer la razonabilidad de un registro. Esa declaración no le informó al tribunal de

qué manera se efectuó el registro. No se estableció si éste guardó una relación razonable con las circunstancias que justificaron la intervención con el acusado. Pueblo v. Ríos Colón, *supra*. El resultado no convalida un registro ilegal. Pueblo v. González Rivera, *supra*. Cuestiones como el lugar donde se ocupó la evidencia, la razón que tuvo el agente Gandía para registrar, la distancia entre la evidencia y el acusado al momento de su incautación, entre otras, son circunstancias relevantes para determinar la razonabilidad de un registro. Esto cobra mayor relevancia cuando opera una presunción de irrazonabilidad.

El Ministerio Público tuvo la oportunidad de presentar prueba sobre la razonabilidad del registro impugnado. No lo hizo. Nuestras expresiones en Pueblo v. Martínez Torres II, *supra*, no tienen el efecto de establecer como remedio una nueva vista de supresión de evidencia en los casos en que el Ministerio Público falla en cumplir con su carga probatoria. Aquel caso fue resuelto en el contexto de una convicción revocada por este Tribunal, en donde se auscultaba la posibilidad de un nuevo juicio. De hecho, allí expresamos que "[e]n este caso es impermisible la presentación de nueva evidencia por parte de la Fiscalía; no se le puede ofrecer una segunda oportunidad para que presente prueba que pudo traer en el primer proceso, pero que no lo hizo". *Id.* a la pág. 578.

No procede ordenar otra vista para adjudicar una moción de supresión de evidencia cuando ya el Ministerio Público ha tenido una adecuada oportunidad probatoria y no logró rebatir la presunción que operaba en su contra. A diferencia de la Regla 6(c) y de la Regla 24(c) de Procedimiento Criminal, la Regla 234 no le concede al fiscal una segunda vista cuando el resultado no le favorece. Distinto a las vistas de causa probable para arrestar o para acusar, la determinación de suprimir evidencia bajo la Regla 234 no termina con el proceso criminal. La regla meramente confiere una oportunidad a la defensa de obtener que se suprima en el juicio la presentación de evidencia ilegalmente obtenida que podría ser perjudicial al acusado. Lo único que se decide es la legalidad o razonabilidad del registro efectuado. Pueblo v. Miranda Alvarado, *supra*. El Ministerio Público puede proseguir su caso contra el acusado con otra prueba independiente y distinta a la suprimida. Pueblo v. Rivera Rivera, 117 D.P.R. 283 (1986).

## IV

Por los fundamentos antes expuestos, se confirma la sentencia recurrida, emitida por el Tribunal de Apelaciones. Resuelta la controversia sobre la supresión de la evidencia incautada, se devuelve el caso al Tribunal de Primera Instancia, Sala de Carolina, para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Se dictará sentencia de conformidad.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        v.

Edwin Serrano Reyes

    Recurrido

CC-2008-290

SENTENCIA

En San Juan, Puerto Rico, a 5 de agosto de 2009.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se confirma la sentencia recurrida, emitida por el Tribunal de Apelaciones. Resuelta la controversia sobre la supresión de la evidencia incautada, se devuelve el caso al Tribunal de Primera Instancia, Sala de Carolina, para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo