El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
En esta ocasión, el Ministerio Público nos solicita la revocación de una sentencia del Tribunal de Apelaciones. El foro apelativo intermedio revocó una resolución emitida por el Tribunal de Primera Instancia que declaró “no ha lugar” una solicitud de supresión de evidencia. Como el Ministerio Público se limitó a establecer los motivos fundados para intervenir con el recurrido pero no presentó prueba sobre la razonabilidad del registro sin una orden que efectuó la Policía, confirmamos.
I
El 13 de junio de 2007, a eso de las 3:50 de la tarde, el agente de la Policía de Puerto Rico, Miguel Dávila Parrilla, se encontraba haciendo una investigación policiaca en el Condominio Monserrate Towers. Según su testimonio en la vista de supresión de evidencia, éste pudo observar a unos 12 ó 15 pies de distancia a una persona que poseía en su mano izquierda dos envases transparentes y que aparentaban contener crack en su interior. Pudo observar cómo el individuo caminó a su vehículo y se apartó del área residencial. El agente comunicó detalladamente las características del individuo y del vehículo para que otros oficiales intervinieran. Posteriormente, el agente Paul Gandía notificó por radio al agente Dávila Parrilla que “la intervención con el conductor del Mirage-Technica fue positiva y que ocupó la sustancia”. Apéndice de la Petición de certiorari, pág. 13. Todos estos detalles fueron relatados por el agente Dávila Parrilla de forma muy detallada y específica en la vista para adjudicar la moción de supresión de evidencia.
El Ministerio Público presentó contra el Sr. Edwin Serrano Reyes una denuncia por violación al Art. 404 de la *442 Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. see. 2404. El acusado presentó una moción de supresión de evidencia. El acusado expuso en esta moción que el registro en el cual se ocupó la evidencia fue “una intervención ilegal sin ningún tipo de orden expedida por magistrado y no llena [ba] los requisitos de razonabilidad de acuerdo con la jurisprudencia”. Apéndice de la Petición de certiorari, pág. 11. Argüyó, además, que un registro sin una orden se presume inválido e irrazonable, y que el Ministerio Público está obligado a demostrar lo contrario. El acusado señaló en la moción que el Ministerio Público contaba con la declaración del agente Dávila Parrilla y alegó que se trataba de un testimonio estereotipado. El acusado señaló, además, que “ ‘motivos fundados’ no es sinónimo de libertad para intervenir irrestrictiva o irrazonablemente”. Apéndice de la Petición de certiorari, pág. 14.
En la vista de supresión de evidencia se encontraban los agentes Miguel Dávila Parrilla y Paul Gandía. El Ministerio Público sometió el caso después del testimonio del agente Dávila Parrilla e indicó que no utilizaría al agente Gandía. Entonces, el Tribunal de Primera Instancia denegó la solicitud de supresión de evidencia.
El acusado acudió en revisión al Tribunal de Apelaciones. Dicho foro determinó que había motivos fundados para el arresto y que el testimonio del agente Dávila Parrilla no fue estereotipado. Ahora bien, el tribunal concluyó que en la vista de supresión de evidencia no se presentó prueba para rebatir la presunción de irrazonabilidad del registro. Razonó el foro apelativo intermedio que el Ministerio Público estaba obligado a presentar prueba de los motivos fundados y de la razonabilidad del registro. El Tribunal de Apelaciones suprimió la evidencia y devolvió el caso al foro primario para la continuación de los procedimientos.
Inconforme, El Ministerio Público acude a este Tribunal y alega que el Tribunal de Apelaciones erró al resolver que el testimonio del agente Gandía era necesario y que no se había cuestionado la razonabilidad del registro.
*443 Con el beneficio de la comparecencia de las partes, procedemos a resolver.
II
La Constitución de Puerto Rico dispone:
No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.
Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación ....
Evidencia obtenida en violación de esta sección será inadmisible en los tribunales. Art. II, Sec. 10, Const. E.L.A., L.P.R.A., Tomo 1, ed. 2008, págs. 326-327.
Por su parte, la Enmienda IV de la Constitución de Estados Unidos consagra el derecho de todo ciudadano a ser protegido contra registros y allanamientos irrazonables. De ordinario, se prohíbe el arresto de personas o los registros o allanamientos sin una orden judicial previa, apoyada en una determinación de causa probable. Pueblo v. Calderón Díaz, 156 D.P.R. 549, 555 (2002). Esto garantiza la protección a la dignidad e intimidad de las personas. Pueblo v. Colón Bernier, 148 D.P.R. 135 (1999).
Sin embargo, el requerimiento constitucional de una or-den judicial previa no es absoluto, pues hay situaciones excepcionales y definidas estrechamente por la jurisprudencia en donde se ha reconocido la validez de un registro o arresto sin una orden. Lo que la Constitución pretende evitar es la actuación irrazonable del Estado. Pueblo v. Rivera Colón, 128 D.P.R. 672, 682 (1991). Aunque hay circunstancias en que un registro sin una orden puede conducirse sin violar la Enmienda IV, para esto es necesario que exista una justificación o razón suficiente. W.R. LaFave, Search and Seizure: A Treatise on the Fourth Anmendment, 4ta ed., Thomson West, 2004, Vol. 2, Sec. 3.1(a), págs. 6-7.
*444 Hay registros sin una orden judicial que son válidos, como por ejemplo, el registro incidental a un arresto válido. Pueblo v. Zayas Fernández, 120 D.P.R. 158 (1987). Ahora bien, esto no elimina la exigencia constitucional de razonabilidad al intervenir con un ciudadano o sus pertenencias. Arizona v. Gant, 129 S.Ct. 1710 (2009).
En Pueblo v. Martínez Torres [I], 120 D.P.R. 496, 502 (1988), resolvimos que cuando el Estado actúa sin una or-den judicial, el Ministerio Público está “obligado a probar que el registro realizado fue legal y razonable, que necesariamente conlleva, como requisito previo, demostrar la legalidad del arresto”.
La Regla 11 de Procedimiento Criminal permite que un funcionario del orden público realice un arresto sin una orden judicial cuando tenga motivos fundados para creer que el detenido ha cometido un delito en su presencia o que ha cometido un delito grave. 34 L.P.R.A. Ap. II. El motivo fundado es aquella información o aquel conocimiento que conduce a creer que el arrestado ha cometido un delito, según la persona ordinaria y prudente. Pueblo v. González Rivera, 100 D.P.R. 651 (1972). Esta exigencia no impide que varios agentes del orden público actúen en forma coordinada y concertada en la investigación de un crimen, de manera que sus conocimientos individuales sean un conocimiento colectivo y suficiente. Pueblo v. Martínez Torres [I], supra.
En Pueblo v. Martínez Torres [I], supra, al evaluar una solicitud de supresión de evidencia, resolvimos que es necesario que el Ministerio Público presente prueba para establecer los motivos fundados que tuvo el agente que dio la orden o que originó la cadena de información que resultó en el arresto. En dicho caso, el Ministerio Público presentó como prueba los testimonios de dos de los agentes que efectuaron el arresto, pero no presentó prueba sobre los motivos fundados que tuvo el agente que dio la orden para el arresto. Ante esto, revocamos la sentencia condenatoria y devolvimos el caso al foro primario.
*445 Resolvimos entonces que “[e]l hecho [de] que un agente pueda actuar según una comunicación de otro policía sin tener motivos fundados no significa que el Ministerio Público queda relevado de su deber de presentar evidencia para establecer la legalidad del arresto”. Pueblo v. Martínez Torres [I], supra, pág. 506. En otras palabras, el Ministerio Público no se puede limitar, en la vista de supresión, a demostrar únicamente que existían motivos fundados para la intervención policíaca y que éstos fueron transferidos de un agente a otro. El fiscal tiene que probar también “que el registro realizado fue legal y razonable”, íd., pág. 502.
Posteriormente, este caso estuvo nuevamente ante nuestra consideración en Pueblo v. Martínez Torres [II], 126 D.P.R. 561 (1990). Una vez devuelto el caso en la primera ocasión, el foro primario señaló una vista para que el Ministerio Público presentara prueba sobre los motivos fundados que tuvo el agente que ordenó el arresto. El acusado solicitó el archivo de las causas en su contra. Su fundamento fue la garantía constitucional contra la doble ex-posición en relación con la revocación de la sentencia condenatoria en Pueblo v. Martínez Torres [I], supra. En esa ocasión determinamos que procedía una vista para evaluar si se suprimía la evidencia a raíz de la revocación de la sentencia apelada, y así determinar si había que celebrar un nuevo juicio. No se ordenó una vista de acuerdo con la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, pues ya el juicio se había celebrado. En la vista ordenada se evaluaría la supresión como parte de los planteamientos para la solicitud de un nuevo juicio, porque “el error del tribunal [de instancia] al no ordenar la supresión [es] lo que da paso a nuestra decisión de revocar la convicción”. Pueblo v. Martínez Torres [II], supra, pág. 576.
La Constitución de Puerto Rico permite un registro incidental al arresto cuando “el área registrada está al alcance inmediato del sujeto y el propósito es ocupar armas o instrumentos que puedan ser utilizados por la per *446 sona arrestada para agredir a los agentes del orden público, o para intentar una fuga o evitar la destrucción de evidencia”. Pueblo v. Miranda Alvarado, 143 D.P.R. 356, 363 esc. 3 (1997). Véanse: Pueblo v. Costoso Caballero, 100 D.P.R. 147 (1971); Pueblo v. Sosa Díaz, 90 D.P.R. 622 (1964). Véase, e.g., Weeks v. United States, 232 U.S. 383 (1914). El mero arresto legal no convalida ipso facto un registro o una incautación sin una orden, pues es necesario que el registro haya sido razonable. Pueblo v. Sosa Díaz, supra.
En nuestra jurisdicción sigue siendo relevante el criterio de razonabilidad para todo registro incidental al arresto. Pueblo v. Malavé González, 120 D.P.R. 470 (1988). Véase, e.g., Arizona v. Gant, supra. Para determinar si un registro es razonable, hay que considerar: (1) si la intervención con la persona afectada estuvo justificada, y (2) si el alcance del registro guardó relación con las circunstancias que condujeron a la intervención con la persona afectada. Pueblo v. Ríos Colón, 129 D.P.R. 71, 86—87 (1991).
Por su parte, la Regla 234 de Procedimiento Criminal, supra, es el medio práctico que tiene un ciudadano para hacer valer la disposición constitucional antes discutida. En lo pertinente, la regla dispone lo siguiente:
REGLA 234. ALLANAMIENTOS; MOCIÓN DE SUPRESIÓN DE EVIDENCIA
La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la Regla 233 la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:
(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.
En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones especficas que sostengan el fundamento o fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud y celebrar una vista evidenciaría ante un magistrado distinto al que atender el juicio, *447 cuando se trate de evidencia incautada mediando una orden judicial y la parte promovente demuestre que existe una controversia sustancial de hechos que haga necesario la celebración de la vista; en ausencia de tal demostración, el tribunal podr adjudicar la moción sin vista previa utilizando como base los escritos presentados por las partes.
El tribunal vendrá obligado a celebrar una vista envidenciaria con antelación al juicio, y ante un magistrado distinto al que atender el juicio, cuando se trate de evidencia incautada sin previa orden judicial si en la solicitud la parte promovente aduce hechos o fundamentos que reflejan la ilegalidad o irrazonabilidad del registro, allanamiento o incautación. El Ministerio Público vendrá obligado a refutar la presunción de ilegalidad del registro o incautación y le corresponder establecer los elementos que sustentan la excepción correspondiente al requisito de orden judicial previa.
De declararse con lugar la moción, la propiedad ser devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se notificará al fiscal y se presentar cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad dé la obtención de la evidencia surgiere de la prueba del fiscal. (Enfasis nuestro.)
En Pueblo v. Maldonado, Rosa, 135 D.P.R. 563 (1994), expresamos que la Regla 234, supra, impone al peticionario el deber de exponer los hechos precisos o las razones para el fundamento de la moción y la controversia sustancial de hechos que amerite una vista. Ante la ausencia de tal demostración, el tribunal está facultado a resolver la solicitud sin una vista evidenciaría. No obstante, en Pueblo v. Blase Vázquez, 148 D.P.R. 618 (1999), resolvimos que una moción de supresión de evidencia no se puede adjudicar sin una vista cuando no se haya expedido una or-den judicial para realizar el registro impugnado.
Toda incautación o registro realizado sin una or-den se presume irrazonable y, por consecuencia, inválido. Katz v. United States, 389 U.S. 347 (1967); E.L.A. v. Coca Cola Bott. Co., 115 D.P.R. 197 (1984). Esta presunción impone al Ministerio Público la carga probatoria de demostrar la legalidad y razonabilidad de la actuación del *448 Estado. Pueblo v. Blase Vázquez, supra. Esto significa que en la vista evidenciaría para adjudicar la moción de supresión de evidencia, el Ministerio Público tiene la obligación de presentar prueba y persuadir sobre la razonabilidad del registro. E.L. Chiesa Aponte, Derecho Procesal Penal: Etapa Investigativa, San Juan, Pubs. J.T.S., 2006, Sec. 4.4(e)(ii), pág. 141. Igual proceder es seguido en la esfera federal y en varias jurisdicciones estatales. LaFave, op. cit, Vol. 6, Sec. 11.2(b), pág. 42.(1)
El Tribunal Supremo de Estados Unidos, de igual forma, ha exigido que un registro incidental a un arresto válido se realice de forma razonable. Arizona v. Gant, supra. La Enmienda IV de la Constitución de Estados Uni-dos y la Constitución de Puerto Rico permiten un registro incidental a un arresto válido, pero lo determinante es que el registro sea razonable. E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Colombia, 1995, Vol. I, See. 6.7, pág. 274.
Al interpretar la Constitución de Puerto Rico, adoptamos la norma esbozada por el Tribunal Supremo federal en Chimel v. California, 395 U.S. 752 (1969). Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, op. cit., págs. 274-277. Esto es, una persona arrestada válidamente puede ser sometida a un registro superficial o “cacheo”. Pueblo v. Zayas Fernández, supra. Sin embargo, un registro minucioso depende de la razonabilidad de “las circunstancias específicas” del caso. Pueblo v. Zayas Fernández, supra, pág. 164. Ahora bien, debe quedar claro que tanto bajo la Constitución federal como la de Puerto Rico, la regla referente a los registros incidentales al arresto es la expuesta en Chimel v. California, supra, y que, por lo tanto, el registro tiene que justificarse por algo *449 más que la mera legalidad del arresto. Arizona v. Gant, supra, pág. 1723.
En estos casos, el Ministerio Público tiene que rebatir la presunción con prueba que refleje alguna de las circunstancias excepcionales que permiten actuar sin una orden judicial previa o el juzgador deberá aceptar el hecho presumido, o sea, la irrazonabilidad. Pueblo v. Vázquez Méndez, 117 D.P.R. 170 (1986). Aunque la razonabilidad del registro es una determinación de derecho, su resolución requiere la evaluación de cuestiones de hecho. Pueblo v. Martínez Torres [II], supra; Pueblo v. Blase Vázquez, supra.
Si el Ministerio Público no presenta la prueba requerida para rebatir la presunción en su contra, el tribunal deberá aplicar el remedio provisto en la Constitución de Puerto Rico y en la Regla 234 de Procedimiento Criminal, supra, a saber, la exclusión de lo incautado. Todo registro sin una orden está afectado por la presunción de invalidez. Cuando se tiene una orden para arrestar o se hace un arresto válido sin una orden, la intervención incidental a ese arresto es un registro sin una orden, que queda afectado por la presunción de invalidez. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, op. cit, Vol. I, See. 6.7, pág. 217.
Hemos decidido que a la presunción dispuesta en la Regla 234 de Procedimiento Criminal, supra, le aplican las disposiciones de las Reglas 14 y 15 de Evidencia, 32 L.P.R.A. Ap. IV. Por lo tanto, el fiscal “viene obligado a ofrecer evidencia so pena de que el juzgador acepte la existencia del hecho presumido, o sea, la irrazonabilidad de la incautación”. Pueblo v. Vázquez Méndez, supra, pág. 176.
En Pueblo v. Vázquez Méndez, supra, encontramos que el foro primario había errado al declarar “sin lugar” una moción de supresión de evidencia y añadimos que “[n]o habiendo cumplido el Ministerio Público con la obligación antes mencionada, procedía que se declarase con lugar la moción de supresión”. Id., pág. 180. Procedimos de igual forma en Pueblo v. Miranda Alvarado, supra, en donde re *450 vocamos la sentencia apelada y decretamos la supresión de la evidencia obtenida en violación de las garantías constitucionales, revocando así la determinación del tribunal de instancia. Allí expresamos que “el Estado no cumplió con el requisito de demostrar la autoridad común de quien consintió, elemento indispensable cuando se pretende la validez del consentimiento al registro prestado por un tercero”. Pueblo v. Miranda Alvarado, supra, págs. 367—368. Por último, en Pueblo v. Sosa Díaz, supra, decretamos la absolución del acusado una vez determinamos que el registro que produjo la única evidencia en su contra fue irrazonable y, por ende, inadmisible.
III
Este recurso nos plantea dos cuestiones principales: primero, si la prueba que presentó el Ministerio Público en la vista de supresión de evidencia fue suficiente para rebatir la presunción aludida, y segundo, si procede devolver el caso al foro de primera instancia para que celebre otra vista de supresión de evidencia en el caso de que el Ministerio Público haya incumplido con su carga probatoria.
Señala el Ministerio Público que la moción de supresión de evidencia sólo planteaba la ausencia de motivos fundados para arrestar y el testimonio estereotipado del agente Dávila Parrilla. Arguye también que el acusado no cuestionó la insuficiencia del testimonio del agente Dávila Parrilla ni invocó la necesidad del testimonio del agente Paul Gandía. No le asiste la razón.
En la moción de supresión de evidencia, el acusado claramente estableció que se trataba de un registro sin una orden judicial, por lo que se planteaba una presunción contra el Ministerio Público. Además, el acusado argumentó la ilegalidad de la intervención porque ésta incumplió con los requisitos de razonabilidad. En la moción se señaló que la “celebración de una vista evidenciaría es necesaria para que el Ministerio Público cumpla con el requisito constitucional de demostrar que el registro realizado fue legal y *451 razonable”. Apéndice de la Petición de certiorari, pág. 12. La moción no se limitó a las alegaciones de testimonio estereotipado, sino que expuso que el motivo fundado “no es sinónimo de libertad para intervenir irrestrictiva o irrazonablemente”. Id., pág. 14. No era posible alegar la ausencia de prueba en la moción de supresión de evidencia, pues esto surgió tras la omisión del Ministerio Público en la vista. Por otra parte, no le compete al acusado señalar los testimonios necesarios para que el Ministerio Público cumpla con su carga probatoria. El Ministerio Público es quien tiene la discreción de seleccionar qué prueba presenta en la vista de supresión. La defensa cumple su función señalando la insuficiencia de la prueba del fiscal.
En la vista evidenciaría surgió prueba testimonial sobre los motivos fundados que transmitió el agente Dávila Parrilla al agente Gandía, y esta prueba fue creída por el foro primario. Aunque es válida la recopilación de información por parte de los oficiales del orden público para establecer los motivos fundados para arrestar o registrar, estas actuaciones del Estado siguen estando subordinadas al criterio de razonabilidad. Establecidos los motivos fundados, era necesaria la prueba sobre la razonabilidad del registro. El Ministerio Público, a pesar de contar con el agente Gandía en sala, no presentó prueba sobre la manera en que se efectuó el registro que culminó en la incautación de la evidencia impugnada. Con este proceder, el Ministerio Público falló en rebatir la presunción que operaba en su contra, a saber, que el registro fue irrazonable y, por consiguiente, ilegal.
Esto diferencia este recurso de Pueblo v. Martínez Torres [I], supra. Allí determinamos que era necesaria la prueba sobre los motivos fundados que tuvo el agente que dio la orden para el arresto. No nos enfocamos en la razonabilidad del registro porque se presentó prueba sobre la forma en que éste se realizó. Por eso, ese asunto no fue uno de los errores señalados. Aunque en el recurso que ahora nos ocupa el Ministerio Público presentó prueba so *452 bre los motivos fundados, erró al no establecer mediante prueba la razonabilidad del registro. En Martínez Torres [I], supra, pág. 502, señalamos que el Ministerio Público, además de probar la legalidad del arresto, “viene obligado a probar que el registro realizado fue legal y razonable”. Resolvemos ahora que en casos que presenten la actuación conjunta de varios agentes del orden público sin una orden judicial, es necesario someter prueba tanto de la razonabilidad del registro como de los motivos fundados.
El testimonio del agente Dávila Parrilla sobre este aspecto fue insuficiente para establecer la razonabilidad del registro. Dávila Parrilla se limitó a decir que se le informó que la intervención “fue positiva”, descripción insuficiente para establecer la razonabilidad de un registro. Esa declaración no le informó al tribunal de qué manera se efectuó el registro. No se estableció si éste guardó una relación razonable con las circunstancias que justificaron la intervención con el acusado. Pueblo v. Ríos Colón, supra. El resultado no convalida un registro ilegal. Pueblo v. González Rivera, supra. Cuestiones como el lugar donde se ocupó la evidencia, la razón que tuvo el agente Gandía para registrar, la distancia entre la evidencia y el acusado al momento de su incautación, entre otras, son circunstancias relevantes para determinar la razonabilidad de un registro. Esto cobra mayor relevancia cuando opera una presunción de irrazonabilidad.
El Ministerio Público tuvo la oportunidad de presentar prueba sobre la razonabilidad del registro impugnado. No lo hizo. Nuestras expresiones en Pueblo v. Martínez Torres [II], supra, no tienen el efecto de establecer como remedio una nueva vista de supresión de evidencia en los casos en que el Ministerio Público falla en cumplir con su carga probatoria. Aquel caso fue resuelto en el contexto de una convicción revocada por este Tribunal, en donde se auscultaba la posibilidad de un nuevo juicio. De hecho, allí expresamos que “[e]n este caso es impermisible la presentación de nueva evidencia por parte de la Fiscalía; no se le puede ofrecer una segunda oportunidad para que presente *453 prueba que pudo traer en el primer proceso, pero que no lo hizo”. íd., pág. 578.
No procede ordenar otra vista para adjudicar una moción de supresión de evidencia cuando ya el Ministerio Público ha tenido una oportunidad probatoria adecuada y no logró rebatir la presunción que operaba en su contra. A diferencia de las Reglas 6(c) y 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la Regla 234, supra, no concede al fiscal una segunda vista cuando el resultado no le favorece. Distinto a las vistas de causa probable para arrestar o para acusar, la determinación de suprimir la evidencia bajo la Regla 234 no termina con el proceso criminal. Esta regla meramente confiere una oportunidad a la defensa de lograr que se suprima en el juicio la presentación de la evidencia obtenida ilegalmente que podría ser perjudicial al acusado. Lo único que se decide es la legalidad o razonabilidad del registro efectuado. Pueblo v. Miranda Alvarado, supra. El Ministerio Público puede proseguir su caso contra el acusado con otra prueba independiente y distinta a la suprimida. Pueblo v. Rivera Rivera, 117 D.P.R. 283 (1986).
IV
Por los fundamentos antes expuestos, se confirma la sentencia emitida por el Tribunal de Apelaciones. Resuelta la controversia sobre la supresión de la evidencia incautada, se devuelve el caso al Tribunal de Primera Instancia, Sala de Carolina, para la continuación de los procedimientos en forma compatible con lo aquí resuelto.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rivera Pérez no intervino.

 LaFave menciona otras jurisdicciones estatales, como Georgia, Indiana, Louisiana, Maine, Minnesota, Nevada, New Hampshire, New Jersey, Ohio, Oregon, Texas y Wisconsin. Véase W.R. LaFave, Search and Seizure: A Treatise on the Fourth Anmendment, 4ta ed., Thomson West, 2004, Vol. 6, Sec. 11.2(b), pág. 42 esc. 34.