EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMONA CINTRÓN ROSARIO, acusada y apelante.

Número 16355.

*Sometido:* 8 de mayo de 1958. *Resuelto:* 26 de mayo de 1958.

*Arturo Cintrón García,* abogado de la apelante; *Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secre-*

*tario de Justicia Auxiliar* y *Alfredo Archilla Guenard* y *William Fred Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SALDAÑA emitió la opinión del Tribunal

Ramona Cintrón Rosario fué acusada ante el Tribunal Superior, Sala de Guayama, de haber infringido el art. 4 de la Ley núm. 220 de 15 de mayo de 1948 (Leyes, pág. 739), conocida como Ley de la Bolita. 33 L.P.R.A. sec. 1250. Se le imputó que ". . . allá para el día 1⁰ de diciembre de 1956 . . . ilegal, voluntaria y maliciosamente, tenía en su casa residencia materiales y enseres destinados a la manipulación de los juegos conocidos por 'bolita' y 'boli-pool', consistentes . . . en varias listas de papel conteniendo números de tres cifras, guión y otro número". Celebrado el juicio fué convicta y sentenciada a extinguir una pena de siete meses de cárcel. En apelación solicita que revoquemos dicha sentencia porque el tribunal *a quo* erró ". . . al declarar sin lugar la solicitud de nulidad de allanamiento y supresión de evidencia planteada por la apelante." Alega específicamente que el registro de su residencia fué ilegal porque la orden de allanamiento autorizándolo no cumplió con los requisitos del art. 507 del Código de Enjuiciamiento Criminal (ed. 1935), 34 L.P.R.A. sec. 1817.

■ La declaración jurada del Sargento de la Policía Pedro Rodríguez que sirvió de base para dicha orden, lee en lo pertinente así:

". . . Que me consta de propio conocimiento . . . que RAMONA CINTRÓN en la casa que se describe . . . tiene . . . material de Bolita para la venta, impreso el mismo en papel de distintos colores, en violación a la Ley de Bolita de Puerto Rico, ley que prohibe la posesión, venta, manipulación, conducción y transportación del indicado material de Bolita . . . porque el 28 de noviembre de 1956, a eso de las 11:30 a.m. mientras daba un recorrido por la calle San José de Guayama, Puerto Rico al pasar frente al balcón de la residencia de la referida RAMONA CINTRÓN ví en el mismo a ésta quien tenía en sus

manos papeles de distintos colores, de los cuales el de la parte de arriba era de color blanco en el que habían escritos nombres de personas y números de tres cifras, guión y seguido de otro número, entre otros los números 736–2, 744–4; que ví y oí cuando la referida RAMONA CINTRÓN le decía a una señora, la cual conozco de vista y que se encontraba en unión a ella en dicho balcón, que le comprara el 736 que era el número de la Bolita más bonito de los que le quedaban; que los otros eran el 333, el 899 y el 774 y seguramente no los podía vender por que a la gente no le gustaban esos números; que cuando esto decía la referida RAMONA CINTRÓN miró hacia mí y al advertir mi presencia acto seguido se echó dicho material dentro del seno y corrió hacia el interior de su residencia, seguida de la otra señora que le acompañaba, por cuya razón no pude ocupar dicho material de Bolita. . ."

La orden de allanamiento que fué autorizada, consigna lo siguiente:

"Habiéndose en este día presentado prueba, por medio de declaración jurada firmada por Pedro Rodríguez, Sargento Policía Estatal, cuya declaración aparece adjunta y forma parte de esta Orden de Allanamiento, de que la Sra. RAMONA CINTRÓN, en su casa residencia, la cual se describe al dorso de esta orden y que forma parte de la misma, tiene en ella material de bolita para la venta, consistente dicho material en listas en papeles con números de tres cifras, guión y otro número. Más fundamentos detalladamente en la declaración jurada que se acompaña y la cual forma parte de esta Orden de Allanamiento, se le ordena por tanto que durante las horas del día o de noche proceda inmediatamente al registro de la casa residencia de la Sra. RAMONA CINTRÓN, sita en la calle San José núm. 87 Oeste de Guayama, Puerto Rico, en busca de la prenda siguiente: Todo el material que se esté utilizando o que forme parte del juego ilegal de la Bolita, tales como listas con números de tres cifras, guión y otro número, dinero, lápices o cualquier otro enser que se esté utilizando para violar las disposiciones de la referida ley de Bolita, y si fuere en su totalidad o en parte hallada por usted, la traiga inmediatamente a mi presencia en el edificio que ocupa este tribunal. . ."

La contención de la apelante es que en la orden de allanamiento antes transcrita no se insertaron *"los fundamentos*

*de la petición,"* como dispone el citado art. 507 del Código de Enjuiciamiento Criminal,(¹) sino que erróneamente se incorporó por referencia la declaración jurada. No tiene razón. Nunca hemos exigido que en la orden de allanamiento se copien *in extenso* todos los hechos que aparezcan en el affidavit. Basta que en dicha orden se expresen *sustancialmente* los hechos materiales expuestos en la declaración jurada, sintetizándolos de modo que se haga constar allí cuáles son *"los fundamentos de la petición"*. Véanse *Pueblo v. Rivera*, 79 D.P.R. 742, 752–753 (1956) y *Pueblo v. Hernández*, 75 D.P.R. 907, 913 (1954). En el caso de autos la orden de allanamiento dice entre otras cosas que la acusada "... tiene (en su residencia) material de bolita para la venta, consistente dicho material en listas en papeles con números de tres cifras, guión y otro número ...". Por tanto, no hay duda de que la orden expresa sustancialmente los hechos que surgen de la declaración jurada, es decir, los

---

(¹) Dispone lo siguiente: "La orden de registro o allanamiento debe estar concebida sustancialmente en la forma siguiente:

"Distrito de ...............

"El Pueblo de Puerto Rico a cualquier alguacil, policía, agente de orden público, agente de rentas internas, o inspector de contribución sobre ingresos, en el distrito de ................

"Habiéndoseme en este día presentado prueba, por medio de declaración jurada, firmada por (aquí el o los nombres del que o los que haya o hayan presentado la declaración jurada) de que (aquí se insertarán los fundamentos de la petición, de conformidad con el artículo 503 del Código de Enjuiciamiento Criminal, o si no se dedujera una seguridad completa de la declaración jurada se hará constar que hay causa para creer en la existencia de los fundamentos, especificándose los de la petición en la misma forma) se le ordena por lo tanto, para que durante las horas del día (o a cualquier hora del día o de la noche, según sea el caso, de acuerdo con el artículo 511 del Código citado), proceda inmediatamente al registro de la persona de ............... o de la casa situada en ............... (describiendo ésta o cualquier otro lugar que haya de ser registrado, con todos los detalles que sean razonables, según sea el caso) en busca de la prenda o prendas siguientes (aquí se describen con todos los detalles y si fueren en su totalidad o en parte) halladas por usted, las traiga inmediatamente a mi presencia en (aquí se indica el lugar).

"Dado bajo mi firma hoy día ...... de ............... del año del Señor mil novecientos ........

"..................., Juez de Paz."

fundamentos de la petición a tenor del art. 507 del Código de Enjuiciamiento Criminal. Cf. *Steele* v. *United States*, 267 U.S. 498, 501 (1925); *Lowrey* v. *United States*, 161 F.2d 30 (C.A. 8, 1947); *United States* v. *Klapholz*, 17 F.R.D. 18 (D.C.N.Y. 1955), confirmado en 230 F.2d 494 (C.A. 2, 1955); Fricke, *California Criminal Procedure* (4ª ed. 1955) 42–46.

■ Además, aquí el magistrado adhirió a la orden de allanamiento, e hizo formar parte de la misma, la declaración jurada que prestó el policía Pedro Rodríguez. Naturalmente, hacer esto no exime de la obligación de consignar en la orden los fundamentos de la petición, pero ciertamente no vemos cómo la acusada ha podido perjudicarse en lo más mínimo por esa actuación del magistrado que autorizó el registro. Al contrario, habiéndose expresado *"los fundamentos"* como exige la ley, el único efecto de adherir a la orden de allanamiento una copia *verbatim* de la declaración jurada que le sirve de base, es proteger aún más el derecho contra registros ilegales.

*La sentencia apelada será confirmada.*