Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EL PUEBLO DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>SERGIO RAMÍREZ PAYANO<br><br>*Peticionario* | KLCE202301050 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: KLA2022G0053 al 0061; KSC2022G0091<br><br>Sobre:<br>Art. 6.08 LA<br>Art. 6.09 LA<br>Art. 6.22 LA<br>Art. 401 LSC |
|---|---|---|

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece ante nos el señor Sergio Ramírez Payano (señor Ramírez Payano o peticionario) y solicita que revoquemos la *Resolución* emitida y notificada el 23 de agosto de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Mediante el referido dictamen, el foro primario denegó una solicitud de supresión de evidencia presentada por el peticionario.

Por los fundamentos que exponemos a continuación, **expedimos** el auto de *certiorari* solicitado y **confirmamos** la Resolución recurrida.

**I.**

El 30 de septiembre de 2021, el TPI emitió una *Orden de registro y/o allanamiento*[1] para ingresar a la estructura que ubica en el primer nivel de la residencia #1926, calle Gilberto Monroig,

---

[1] Véase *Escrito en Cumplimiento de Orden* presentado por la Oficina del Procurador General, Anejo 1, págs. 1-3.

Barrio Obrero en San Juan, Puerto Rico. La referida orden se fundamentó en una declaración jurada realizada por el agente Erick Cordero Pérez (agente Cordero Pérez) y fue diligenciada el 1 de octubre de 2021.

Del inventario ocupado en la propiedad, se encontró lo siguiente: arma de fuego sin licencia, marca Glock, modelo 23, calibre .40 serie ZKC757; arma de fuego sin licencia, marca Glock, modelo 22, calibre .40 serie SBB-758; arma de fuego sin licencia, marca Glock, modelo 19, calibre 9mm serie BEYX-721; arma larga rifle, modelo Pistol, calibre .556 sin número de serie; arma de fuego sin licencia, marca Glock, modelo 23, calibre .40 serie VGS927; arma de fuego sin licencia, marca Glock, modelo 23, calibre .40 serie BDNR746; arma de fuego de alto calibre sin tener licencia y/o permiso rifle AK, modelo M92PV, serie M92PV060838; arma de fuego sin licencia, marca Glock, modelo 23, calibre .40 serie ZYX824; 524 municiones 9mm; 178 municiones calibre 40; 163 municiones calibre 7.62; 50 municiones calibre .380; 26 municiones calibre .38; y 1 munición calibre 45; 83 kilos de cocaína[2].

Por estos hechos, el Ministerio Público presentó denuncias contra el señor Ramírez Payano relacionadas con varios artículos de la Ley de Sustancias Controladas de Puerto Rico y de la Ley de Armas[3]. A estos efectos, el TPI encontró causa para arresto contra el peticionario y, posteriormente, habiendo renunciado a la Vista Preliminar, se procedió con la lectura de acusación.

El 13 de enero de 2023, el peticionario presentó una *Moción solicitando supresión de evidencia*[4]. En esta, solicitó la supresión de la evidencia obtenida mediante la *Orden de Registro y Allanamiento* emitida por el foro primario. En particular, adujo que la declaración

---

[2] Véase apéndice del recurso de *Certiorari*, Anejo II, págs. 11-30.
[3] Véase apéndice del recurso de *Certiorari*, Anejo I, págs. 1-10.
[4] Véase apéndice del recurso de *Certiorari*, Anejo III, págs. 31-36.

jurada prestada por el agente Cordero Pérez, la cual sirvió de base para la expedición de la *Orden de Registro y Allanamiento*, constituye un testimonio irreal o improbable, por lo que se debe suprimir la evidencia o, en la alternativa, celebrarse una vista de supresión de evidencia.

El 17 de abril de 2023, el Ministerio Público presentó su *Oposición a Solicitud de Supresión de Evidencia*[5]. En síntesis, alegó que la declaración jurada ofrecida por el agente del orden público fue una detallada, completa, con la descripción total del lugar, las personas envueltas y la hora de la acción delictiva.

Posteriormente, el 2 de junio de 2023, se celebró la Vista de Supresión de Evidencia[6]. En consecuencia, el 19 de julio de 2023, el TPI emitió y notificó una *Minuta/Resolución*[7] en la que denegó la moción de supresión de evidencia. En particular, el foro primario concluyó que se presume que la intervención fue legal debido a que se había expedido una orden de registro y allanamiento. Además, determinó que no se pudo catalogar como irreal o estereotipado los testimonios del agente Cordero Pérez y del agente Alemán. El Tribunal hizo constar que, aunque hubo un error en cuanto al número de la vivienda en la declaración jurada, el agente declaró que se invirtieron los números por error, pero no existe duda de que la estructura allanada fue a base de las observaciones.

En desacuerdo con la determinación, el 2 de agosto de 2023, el peticionario presentó una *Moción de Reconsideración*[8]. El 16 de agosto de 2023, el Ministerio Público presentó su *Oposición a Moción de Reconsideración*[9]. Ante ello, el 23 de agosto de 2023, el TPI emitió

---

[5] Véase apéndice del recurso de *Certiorari,* Anejo IV, págs. 37-50.
[6] Véase apéndice del recurso de *Certiorari,* Anejo V, págs. 51-52.
[7] Véase apéndice del recurso de *Certiorari,* Anejo VIII, pág. 78.
[8] Véase apéndice del recurso de *Certiorari,* Anejo IX, págs. 79-87.
[9] Véase apéndice del recurso de *Certiorari,* Anejo X, págs. 88-95.

y notificó una *Resolución*[10] en la que declaró *No Ha Lugar* la solicitud de reconsideración instada por el peticionario.

Inconforme, el 22 de septiembre de 2023, el señor Ramírez Payano compareció ante nos mediante recurso de *Certiorari* en el que destacó los siguientes señalamientos de error:

> **Primer error**: Incidió el Tribunal de Primera Instancia, Sala Superior de San Juan, al declarar sin lugar la solicitud de Supresi[ó]n de Evidencia, a pesar de que la Orden de Registro y Allan[a]miento no cumple con el escrutinio legal para la expedición de la misma. En específico la Declaración Jurada que es la que da base a la Orden de Allanamiento no goza de confiabilidad.

> **Segundo error**: Incidió el Tribunal de Primera Instancia, Sala Superior de San Juan, al declarar sin lugar la solicitud de Supresión de Evidencia, a pesar de que la Orden de Registro y Allan[a]miento no cumple con el escrutinio legal para la expedición de la misma por no ser específica.

> **Tercer error**: Incidió el Tribunal de Primera Instancia, Sala Superior de San Juan, al declarar sin lugar la solicitud de Supresi[ó]n de Evidencia, a pesar de que al diligenciar la Orden de Registro y Allanamiento los agentes del orden público allanaron una estructura que no era parte de dicha Orden.

El 10 de octubre de 2023, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico, compareció ante este foro mediante *Escrito en Cumplimiento de Orden,* el cual acompañó con una *Solicitud para que se acepte escrito en exceso de páginas Reglamentarias*; dicha solicitud se declara *Ha Lugar*. Además, solicitó que confirmáramos el dictamen del foro recurrido debido a que el peticionario no rebatió la legalidad o razonabilidad de la intervención. A esos fines, indicó que no se había presentado justificación alguna para que esta Curia intervenga con el dictamen emitido por el foro recurrido.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[10] Véase apéndice del recurso de *Certiorari,* Anejo XI, pág. 96.

## II.

### -A-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[11]. La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial[12]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[13]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[14].

Con el fin de que podamos ejercer de forma sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones[15], señala los criterios que para ello debemos considerar. Éstos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[11] Véase *Torres González v Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[12] *Íd.*
[13] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. De Justicia*, 154 DPR 79, 91 (2001).
[14] *Íd.*
[15] 4 LPRA XXII-B, R. 40.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**-B-**

El Artículo II, Sección 10, de la Constitución de Puerto Rico establece que:

> [s]ólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse. Evidencia obtenida en violación a esta sección será inadmisible en los tribunales[16].

Por su parte, la Enmienda IV de la Constitución de Estados Unidos consagra el derecho de todo ciudadano a ser protegido contra registros y allanamientos irrazonables[17]. De ordinario, se prohíbe el arresto de personas o registros o allanamientos sin una previa orden judicial, apoyada la misma en una determinación de causa probable[18]. Todo registro, allanamiento o incautación de material de contrabando que realice el Estado se presume irrazonable cuando se realiza sin orden judicial previa[19]. Además, si la actuación del Estado constituye un registro, es necesario determinar si la persona afectada tenía una expectativa de intimidad sobre el lugar o artículo a ser registrado y si tal expectativa es razonable a la luz de los criterios prevalecientes en la sociedad[20].

---

[16] Art. II, Sec. 10, Const. ELA, LPRA, Tomo 1, ed. 2016, pág. 336.
[17] Emda. IV, Const. EE. UU., LPRA, Tomo 1, ed. 2016, págs. 186-187.
[18] *Pueblo v. Serrano Reyes*, 176 DPR 437, 443 (2009); *Pueblo v. Calderón Díaz*, 156 DPR 549, 555 (2002).
[19] *Pueblo v. Serrano Reyes*, *supra*, en la pág. 447; *E.L.A. v. Coca Cola Bott. Co.*, 115 DPR 197, 207 (1984). Véase, además, *Katz v. United States*, 389 US 347 (1967).
[20] *Pueblo v. Díaz, Bonano,* 176 DPR 601, 612 (2009); *Pueblo v. Santiago Feliciano*, 139 DPR 361, 384 (1995).

Ahora bien, para que se pueda realizar un registro o allanamiento es necesario que un juez emita una orden para tales efectos. Por lo tanto, es un requisito indispensable que un magistrado determine que existe causa probable para creer que en un lugar específico se encuentra un objeto delictivo o un objeto que constituye evidencia de delito[21]. Es por ello, que nuestro ordenamiento jurídico dispone lo concerniente a la expedición de este tipo de órdenes judiciales a través de la Regla 231 de las Reglas de Procedimiento Criminal. La referida regla establece que para que se expida una orden de allanamiento debe presentarse una declaración escrita prestada ante un magistrado bajo juramento que exponga los hechos que sirvan para librarla[22]. Si el magistrado entiende que existe causa probable para el registro o allanamiento, **emitirá la orden en la cual se nombrarán o describirán con particularidad la persona o el lugar a ser registrado y las cosas o propiedad a ocuparse**[23]. (Énfasis suplido). El Tribunal Supremo de Puerto Rico ha manifestado que este tipo de orden judicial deberá incluir los fundamentos específicos que dieron base a su expedición[24].

Por otra parte, nuestro más Alto Foro ha resuelto que si bien no es necesario una transcripción literal de los fundamentos contenidos en la declaración jurada, es necesario que la orden exprese sucintamente los hechos materiales expuestos en la declaración, sintetizándolos de modo que se haga constar allí cuáles son los fundamentos de la petición[25]. De igual manera, es esencial que la declaración jurada exprese la fecha en que se observaron los hechos[26]. No obstante, estas declaraciones pueden impugnarse

---

[21] *Pueblo v. Santiago Feliciano, supra.*
[22] 34 LPRA, Ap. II, R. 231.
[23] *Íd.*
[24] *Pueblo v. Rolón Rodríguez*, 193 DPR 166, 179, (2015).
[25] *Pueblo v. Cintrón*, 80 DPR 360, 363 (1958).
[26] *Pueblo v. Tribunal Superior*, 91 DPR 28 (1964).

mediante prueba que demuestre que lo afirmado bajo juramento es falso[27].

Luego de examinar la declaración jurada, es necesario la determinación de causa probable por parte del magistrado. Según la jurisprudencia tanto federal como estatal, la causa probable es un juicio de probabilidad por parte de una persona prudente y razonable[28]. Además, la determinación de causa probable puede estar fundamentada a base de los hechos percibidos por el que hace la declaración jurada, por la información que el declarante recibió de un tercero o por una combinación de ambas circunstancias.[29]

Una vez el juez expida la orden, la misma debe ser diligenciada en un término de 10 días[30]. Por otro lado, las personas que son agraviadas por un registro o allanamiento ilegal cuentan con una serie de remedios. Uno de los remedios más destacables es la llamada regla de exclusión[31]. Dicha regla es de origen constitucional y establece que toda evidencia que se obtenga de manera ilegal no será admitida en nuestros tribunales. Por lo tanto, en un procedimiento criminal se podrá solicitar que esta evidencia no sea considerada a través de una moción de supresión de evidencia.

**-C-**

La Regla 234 de Procedimiento Criminal provee el mecanismo para hacer valer la protección constitucional contra actuaciones irrazonables del Estado bajo la Cuarta Enmienda de la Constitución de Estados Unidos y la Carta de Derechos de nuestra Constitución.

El Tribunal atenderá la solicitud de suprimir evidencia ilegalmente obtenida bajo cualquiera de los siguientes fundamentos:

> (a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

---

[27] *Laureano Maldonado v. Tribunal Superior,* 92 DPR 381, 391 (1965).
[28] *Pueblo v. Tribunal Superior, supra,* en las págs. 25-26.
[29] *Pueblo de Puerto Rico v. Santiago Feliciano, supra* en la pág. 408; *Pueblo de Puerto Rico v. Muñoz Santiago,* 131 DPR 965, 980 (1992).
[30] 34 LPRA, Ap. II, R. 232.
[31] E. L. Chiesa Aponte, <u>Derecho Procesal Penal: Etapa Investigativa</u>, Estados Unidos, Publicaciones JTS, 2006, pág. 109.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.[32]

El Tribunal Supremo de Puerto Rico ha establecido que una solicitud de supresión de evidencia deberá exponer "los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la moción de supresión presentada"[33]. Luego, el Tribunal oirá la prueba y celebrará una vista evidenciaria ante un magistrado distinto al que atenderá el juicio, **siempre y cuando haya mediado orden judicial y la parte promovente demuestre que existe una controversia sustancial de hechos que amerite la vista**[34]. (Énfasis suplido). Si no se demuestra esta controversia sustancial, no es necesaria la celebración de la vista para resolver la moción.[35.]

La vista de supresión de evidencia no es el "acto del juicio" que contempla nuestro ordenamiento jurídico[36]. No está en controversia la culpabilidad o inocencia del acusado, lo único que tiene que determinarse es la legalidad o razonabilidad del registro realizado[37]. Por lo cual, el quantum de prueba requerido en una

---

[32] 34 LPRA, Ap. II, R. 234.
[33] *Pueblo v. Serrano Reyes, supra*; *Pueblo v. Blase Vázquez*, 148 DPR 618, 633 (1999); *Pueblo v. Maldonado, Rosa*, 135 DPR 563, 569 (1994).
[34] 34 LPRA, Ap. II, R. 234.
[35] *Pueblo v. Maldonado, Rosa, supra.*
[36] *Pueblo v. Rivera Rivera*, 117 DPR 283, 289 (1986).
[37] *Íd.*

vista de supresión de evidencia es el de la preponderancia de la prueba[38].

Por último, es preciso destacar que si bien la determinación de si una actuación gubernamental es razonable --y, por ende, válida-- dependerá de los hechos particulares de cada caso, la adjudicación de una moción de supresión de evidencia no es de naturaleza fáctica. Deberán aquilatarse las cuestiones de hecho, empero, el procedimiento bajo la Regla 234 de Procedimiento Criminal, "se refiere a asuntos de derecho que hay que dirimir como paso previo a la admisibilidad de evidencia"[39].

## III.

En su recurso, el peticionario señala que erró el TPI al declarar *No Ha Lugar* su solicitud de supresión de evidencia. Sostiene que la declaración jurada que sirvió de base a la expedición de la *Orden de Registro y Allanamiento* carece de confiabilidad al hacer referencia a un número de residencia distinto al que inició la investigación de los agentes del orden público. Alega que los agentes allanaron una estructura distinta a la descrita en la *Orden de Registro y Allanamiento*. Además, aduce que el testimonio del agente Cordero Pérez durante la Vista de Supresión de Evidencia es uno incongruente e improbable.

Tras evaluar el expediente ante nos, resulta forzoso concluir que no se nos ha colocado en posición de intervenir y variar el dictamen del foro primario. Debemos primeramente destacar que el TPI constató en el dictamen recurrido haberle concedido credibilidad al testimonio de los agentes del orden público. A esos fines, señaló que:

> La intervención en el presente caso se presume legal, ya que había expedida una Orden de Registro y Allanamiento válida. Reiteramos que, aunque reconocemos que hubo un error en cuanto al número de la vivienda, de los testimonios de los

---

[38] E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Colombia, Ed. Forum, 1991, Vol. I, pág. 333.
[39] *Pueblo v. Blase Vázquez, supra.*

agentes Cordero y Alemán los cuales nos merecen entera credibilidad, surge que se invirtieron los números por error. [...][40]

Es norma reiterada que, respecto a la apreciación de la prueba, los tribunales apelativos no debemos intervenir con las determinaciones de hechos ni con las adjudicaciones de credibilidad realizadas por el foro primario, a menos que este último haya incurrido en error manifiesto, pasión, prejuicio o parcialidad[41]. Se presume que nuestros tribunales actúan con corrección por lo que compete al apelante la obligación de demostrar lo contrario[42].

De tal modo, las determinaciones del foro primario no deben ser descartadas arbitrariamente ni sustituidas por el criterio del tribunal apelativo a menos que éstas carezcan de base suficiente en la prueba presentada[43]. En la argumentación de errores, la parte peticionaria tiene la obligación de poner en posición al foro apelativo de aquilatar y justipreciar el error señalado[44].

La intervención del foro apelativo con esa prueba tiene que estar basada en un análisis de la prueba desfilada y no a base de los hechos que exponen las partes[45]. Para ello, cuando en un recurso se señale algún error relacionado con la suficiencia de la prueba testifical o con la apreciación de la prueba por parte del Tribunal de Primera Instancia, la parte apelante o peticionaria tiene que presentar una transcripción, una exposición estipulada o una exposición narrativa de la prueba para que de esta manera el tribunal apelativo pueda cumplir cabalmente con su función revisora[46].

---

[40] Véase apéndice del recurso de *certiorari*, Anejo XI, pág. 96.
[41] *Rivera Menéndez v. Action Service*, 185 DPR 431, 444 (2012).
[42] *Morán v. Marti,* 165 DPR 356 (2005).
[43] *Pueblo v. Maisonave,* 129 DPR 49, 62 (1991).
[44] *Morán v. Marti, supra.*
[45] *Hernández v. San Lorenzo Const.,* 153 DPR 405, 425 (2001).
[46] Regla 29 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.29 (A).

En virtud de lo anterior, al carecer de una transcripción de la prueba oral o cualquier otro de los métodos propuestos por nuestro Reglamento para la reproducción de la prueba oral que nos permita evaluar los testimonios vertidos durante la vista de supresión de evidencia, estamos impedidos de intervenir con la apreciación de la prueba oral realizada por el TPI. Además, concluimos que el peticionario tampoco demostró que el foro primario haya actuado mediando pasión, perjuicio, parcialidad o error manifiesto, o que se haya equivocado en la interpretación del derecho.

**IV**.

Por los fundamentos que anteceden, **expedimos** el auto de *certiorari* solicitado y **confirmamos** la Resolución recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones