Los Jueces Asociados Señores Negrón García y Fuster Berlingeri disintieron sin opinión escrita.

EL PUEBLO DE PUERTO RICO, recurrido, *v.* CRUZ MALDONADO RIVERA y ALIGNA ROSA RIVERA, acusados y peticionarios.

*Número:* CE-93-455 *Resuelto:* 25 de marzo de 1994

---

*José A. Andréu Fuentes*, abogado de los peticionarios; *Carlos Lugo Fiol, Subprocurador General*, y *Aida Sleana Oquendo Graulan, Procuradora General Auxiliar*, abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Con motivo de una confidencia recibida, sobre supuesta actividad clandestina relacionada con el "juego ilegal de la bolita", el agente Jorge L. Torres Torres —adscrito a la División de Control del Vicio de la Policía de Puerto Rico, División de Ponce— prestó una vigilancia, respecto a una residencia ubicada en la jurisdicción del pueblo de Villalba, durante el 2 y 9 de septiembre de 1992; haciendo unas observaciones que, conforme su criterio, corroboraban la información recibida en dicha confidencia sobre actividad delictiva relacionada con el "juego de la bolita". El agente Torres procedió a prestar una declaración jurada ante un magistrado, el 23 de septiembre de 1992, en la cual plasmó lo antes expresado; expidiéndose la correspondiente orden de registro y allanamiento contra una residencia propiedad del peticionario Cruz Maldonado Rivera, la cual fue allanada por la Policía de Puerto Rico ese mismo día.(1)

---

(1) En dicho allanamiento, y conforme el inventario realizado, se ocupó: una escopeta calibre 12 cargada, listas conteniendo números, las últimas tres (3) cifras de los tres (3) primeros premios del sorteo de la Lotería celebrada el 23 de septiembre de 1992, nombres de personas y la cantidad de veces jugadas.

Como consecuencia del allanamiento realizado, y la evidencia encontrada en el mismo, el Ministerio Fiscal radicó un pliego acusatorio ante el Tribunal Superior de Puerto Rico, Sala de Ponce, contra el dueño de la residencia allanada, el peticionario Cruz Maldonado Rivera, y contra Algina Rosa Rivera, persona que se encontraba en la misma al momento del allanamiento, en el cual pliego acusatorio se le imputó a ambos una violación a la Sec. 10 de la Ley Núm. 220 de 14 de mayo de 1948, conocida comúnmente como la Ley de la Bolita, 33 L.P.R.A. sec. 1256.([2])

Los imputados presentaron, el 1ro de marzo de 1993, una "moción en solicitud de supresión de evidencia". En la misma alegaron, en lo pertinente y entre otros, como fundamento para solicitar la supresión que:

> b. ... lo afirmado bajo juramento por el agente investigador Torres Torres en la declaración jurada que dio base a la expedición de la orden de allanamiento, *es falso, total o parcialmente.* (Énfasis suplido.) Apéndice II, pág. 1.

El Ministerio Público, mediante escrito de 30 de abril de 1993, se opuso a la moción de supresión antes mencionada. El tribunal de instancia, originalmente, señaló vista para la dilucidación de la moción de supresión radicada. Posteriormente, y de manera sorpresiva, declaró la misma sin lugar "de plano". El señalamiento de vista anteriormente mencionado, naturalmente, quedó sin efecto ipso facto. Radicada una moción de reconsideración por los aquí peticionarios —en la cual éstos, de manera expresa, solicitaron la celebración de vista— la misma fue declarada sin lugar por el foro de instancia.

---

En adición, se ocupó un maletín negro, en cuyo interior se encontró la suma de $15,374 en efectivo, $3,915.20 en cheques, y unas libretas de banco, de ahorros, por la suma de $82,765.98.

([2]) En lo pertinente, consistente dicha violación "en que *actuando como dueños y administradores de bancas clandestinas* se dedicaban a la colección o recolección, distribución, almacenaje, arreglo y cotejo de material y dinero, conectado y relacionado con bancas clandestinas que operan en Puerto Rico". (Énfasis suplido.)

Inconformes, acudieron ante este Tribunal —vía *certiorari*— los peticionarios Maldonado Rivera y Rosa Rivera. En el recurso que a esos efectos radicaron, le imputaron al tribunal de instancia haber errado

> ... al declarar NO HA LUGAR de plano la Moción de Supresión de Evidencia presentada por los acusados, *y por consiguiente, al no señalar una Vista Evidenciaria con anterioridad al juicio* donde puedan dilucidarse los planteamientos aducidos en la referida Moción de Supresión de Evidencia. (Énfasis suplido.) Petición de *certiorari*, pág. 3.

Mediante Resolución de 18 de noviembre de 1993, le concedimos término al Procurador General de Puerto Rico para que mostrara causa

> ... por la cual este Tribunal no deba revocar la resolución denegando, *de plano*, la moción de supresión de evidencia *y devolver el caso al foro de instancia para que celebre vista sobre la misma.* (Énfasis suplido y en el original.)

El Procurador General ha comparecido en cumplimiento de la orden de mostrar causa emitida. En su *excelente* comparecencia nos invita a que modifiquemos, un tanto, la jurisprudencia establecida por este Tribunal a los efectos de que —alegado por la defensa que lo expuesto en la declaración jurada que dio base a la orden de allanamiento expedida es falso, total o parcialmente— procede que el foro judicial señale, y celebre, una vista evidenciaria con el propósito de dirimir, a base de la credibilidad que le merezcan los testigos en la vista, dicha alegación; *ello en vista del hecho de que la referida casuística es de fecha anterior a la enmienda que sufriera en 1988 la Regla 234 de las Reglas de Procedimiento Criminal*, 34 L.P.R.A. Ap. II. Veamos si procede la modificación sugerida.

# I

Antes de la enmienda que sufriera en el año de 1988 la Regla 234 de las Reglas de Procedimiento Criminal, 34 L.P.R.A. Ap. II (ed.1971), *disponía* que:

La persona agraviada por un allanamiento o registro ilegal podrá solicitar del tribunal al cual se refiere la regla anterior la supresión de cualquier evidencia obtenida en virtud de tal allanamiento o registro, o la devolución de la propiedad, por cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento *porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.*

*El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud.* De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se hará cinco días antes del juicio a menos que no hubiere oportunidad para ello o que al acusado no le constaren los fundamentos de la moción, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. (Énfasis suplido.)

Al amparo de dichas disposiciones, resolvimos —en *Pueblo v. Bonilla Romero*, 120 D.P.R. 92, 109–110 (1987)— en lo pertinente, que:

Una simple lectura de la transcrita disposición legal es todo lo que se necesita para concluir que el magistrado que presida una vista sobre supresión de evidencia al amparo de la citada

Regla 234 *efectivamente está facultado para adjudicar o dirimir credibilidad en la misma.* Ello es consecuencia lógica e inescapable de los términos en que está concebida dicha disposición legal. *Si el tribunal está facultado para oír prueba sobre "cualquier cuestión de hecho necesaria para la resolución de la solicitud" y uno de los fundamentos para declarar con lugar la misma precisamente lo es que "lo afirmado bajo juramento en la declaración [que sirvió de base para la expedición de la orden de allanamiento] es falso, total o parcialmente", resulta obvio que el tribunal tiene el poder para adjudicar credibilidad en dicha vista.* (Énfasis suplido.)

◼ Consecuencia, igualmente lógica e inescapable, de lo anteriormente expresado lo es la obligatoriedad del señalamiento, *y celebración*, de una vista, en la cual el tribunal adjudicará, a base de la credibilidad que le merezcan los testigos que presenten las partes, la validez o corrección de la alegación de la defensa a los efectos de que lo afirmado bajo juramento en la declaración, que sirvió de base a la orden de allanamiento expedida es o no falso.

Procede que recordemos, en adición, que dicha vista de supresión deberá, de ordinario, ser celebrada *antes* del juicio, *Pueblo v. Rivera Rivera*, 117 D.P.R. 283 (1986); ello debido al hecho de que es "contrario a esa economía [procesal] esperar al día del juicio para hacer una pausa en el mismo a los fines de dilucidar la cuestión colateral sobre admisibilidad de una prueba cuyo ofrecimiento en el juicio debió anticiparse". *Pueblo v. Rey Marrero*, 109 D.P.R. 739, 750–751 (1986).

## II

El 5 de julio de 1988, la Asamblea Legislativa de Puerto Rico aprobó la Ley Núm. 65 (34 L.P.R.A. Ap. II), la cual enmendó la citada Regla 234 de Procedimiento Criminal; en específico, el *párrafo final* de la misma. A esos efectos, se estableció que:

*En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el*

*fundamento o fundamentos en que se basa la misma.* El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud. De declararse con lugar la moción, la propiedad será devuelta, si no hubiere fundamento legal que lo impidiere, y no será admisible en evidencia en ningún juicio o vista. La moción se notificará al fiscal y se presentará cinco (5) días antes del juicio a menos que se demostrare la existencia de justa causa para no haberla presentado dentro de dicho término o que al acusado no le constaren los fundamentos para la supresión, o que la ilegalidad de la obtención de la evidencia surgiere de la prueba del fiscal. (Énfasis suplido.) 34 L.P.R.A. Ap. II.

 Como podemos notar, ya *no* basta con que el promovente de la moción de supresión escuetamente alegue uno de los fundamentos que se enumeran en la referida Regla 234 de Procedimiento Criminal; *ahora la citada Regla 234 exige que se expongan* "los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la" moción de supresión presentada. Como consecuencia de ello, el Procurador General sostiene que el promovente de la misma *debe demostrar que existe una controversia sustancial de hecho que haga necesaria la celebración de una vista evidenciaria.* Más importante aún, sostiene el Procurador que, en ausencia de esa demostración por parte de la defensa, *el tribunal deberá poder resolver la moción de supresión a base de los escritos presentados por las partes; esto es, sin la celebración de una vista evidenciaria.*

 Dicha posición, no hay duda, *es una meritoria que merece nuestro aval.* En primer lugar, la misma resulta en una justificada economía procesal y en una sana y mejor administración de la justicia, por razón de tener el efecto de que el tribunal podrá disponer, con mayor rapidez, de mociones de supresión que son frívolas e infundadas. En segundo término, dicha norma no sólo ilustra de forma óptima al tribunal sobre la controversia que éste tiene que dilucidar sino que pone en condiciones al Ministerio Público de poder refutar, correcta y sucintamente, las alega-

ciones de la defensa; lo cual, naturalmente, resultará en una mejor y justa determinación judicial. En adición, dicha norma es congruente con la norma jurisprudencial a los efectos de que el promovente de una moción de supresión, en situaciones en que el allanamiento en controversia fue realizado en virtud de orden judicial previa, tiene la obligación de demostrar que el registro, y la incautación de la evidencia, fue irrazonable, y, por consiguiente, ilegal. *Pueblo v. Vázquez Méndez*, 117 D.P.R. 170, 177 (1986). Por último, al así resolver, estamos siguiendo la *obvia intención* del legislador al enmendar en 1988 la antes citada Regla 243 de Procedimiento Criminal.(³)

## III

Ello no obstante, y en relación con el caso hoy ante nuestra consideración, somos del criterio que lo procedente y más justo es que no apliquemos, de manera automática, la norma hoy establecida al mismo; ello en vista del hecho de que la representación legal de los aquí peticionarios, al radicar la moción de supresión, cumplió con la norma procesal jurisprudencial *entonces* vigente. Véase *Pueblo v. Cruz Jiménez*, 99 D.P.R. 565, 568 (1971). *Consideramos procedente dejar sin efecto la resolución recurrida y devolver el caso al foro de instancia con instrucciones para que,*

---

(³) En la Exposición de Motivos de la Ley Núm. 65 de 5 de julio de 1988, se expresó que:

"La experiencia ha demostrado que en la etapa anterior al juicio se producen un gran número de suspensiones que contribuyen a dilatar el procedimiento desde su inicio.

"Uno de los factores que más contribuye a la demora en los procedimientos antes del juicio es la presentación de mociones sin fundamntos específicos de hecho y derecho. Esto no permite que el juez pueda hacer una determinación a base de los escritos presentados. Tampoco permite al Ministerio Fiscal contestar adecuadamente a la moción al desconocer los fundamentos que tiene el acusado para presentarlo. Encontramos con frecuencia que el juez se ve obligado a señalar una vista para discutir la moción ya sea para la desestimación, el traslado, la inhibición del juez o la separación o acumulación de causas. Esta situación provoca dilaciones y suspensiones innecesarias." 1988 Leyes de Puerto Rico 315–316.

*una vez recibido el mandato y dentro del término de cinco (5) días, la representación legal de los peticionarios presente, o exprese, por escrito, ante el foro de instancia, "los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa" (34 L.P.R.A. Ap. II) su moción de supresión de evidencia, luego de lo cual el tribunal de instancia deberá determinar, conforme lo aquí resuelto, el curso de acción a seguir; esto es, ratificar su no ha lugar o señalar una vista evidenciaria para dilucidar los señalamientos de los peticionarios.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Negrón García "disiente de devolver el caso a instancia para que se reformule la moción de supresión, ya que la enmienda de 1988 existía al momento de su presentación". El Juez Asociado Señor Fuster Berlingeri disintió de las partes I y III de la opinión. El Juez Presidente Señor Audréu García se inhibió.