Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>ARTURO TORRES VELÁZQUEZ<br><br>Peticionario | TA2025CE00781 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. ISCR202500152 ISCR202500153<br><br>Sala: 201<br><br>Sobre: ART. 6.05 Y ART. 6.14 LEY DE ARMAS |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

El señor Arturo Torres Velázquez recurre de la *Minuta Resolución* emitida el 16 de octubre de 2025 notificada el día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. A través del dictamen recurrido, luego de examinar los escritos de las partes, y escuchar suS argumentos en sala, el tribunal denegó la *Moción en Solicitud de Supresión de Identificación* presentada por el peticionario.

Conforme expuesto en esta resolución, *denegamos* expedir el auto solicitado.

*-I-*

El 7 de febrero de 2025, tras la celebración de la vista preliminar, el foro primario encontró causa probable para acusar al señor Torres Velázquez de los delitos imputados por el Estado en este caso. Como parte del desfile de prueba, durante la vista preliminar, el Ministerio Público desfiló el testimonio de: (1) la

señora Clarimel Ortiz García; (2) el señor Edwin Flores Andrade; (3) la señora Gloria Esther Corales Alameda; y (4) el agente Darío Suárez Negrón. La parte peticionaria solicitó al tribunal en su *Moción en Solicitud de Supresión de Identificación* la eliminación de toda la evidencia relacionada con la identificación del peticionario como el autor de los delitos imputados.

En suma, la parte peticionaria argumentó que la identificación del "autor" de los delitos en este caso es poco confiable, y viciada con sugerencias e indicaciones policiacas en detrimento de sus derechos fundamentales. El 22 de julio de 2025, el Ministerio Público presentó *Moción en Oposición* y arguyó que la identificación en cuestión fue espontánea, ausente de cualquier intervención policial. Además, resaltó que el peticionario fue identificado por los testigos de cargo durante la celebración de la vista preliminar. Tras evaluar ambas mociones, y unas breves argumentaciones de las partes en sala, el tribunal denegó la solicitud de vista para la supresión de prueba. En desacuerdo, el 7 de octubre de 2025, el peticionario presentó una *Moción de Reconsideración*, que fue denegada por el foro primario mediante la *Resolución* notificada el 17 de octubre de 2025.

Aún inconforme, el peticionario compareció ante este Tribunal de Apelaciones mediante el recurso de *certiorari* de título y solicita la revocación de la determinación del foro primario antes colegida, y que ordenemos la celebración de una vista de supresión de evidencia sobre la identificación del acusado. Señala la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al no celebrar la Vista de Supresión de Identificación y sí erró al declarar No Ha Lugar de plano la Moción de Supresión de Identificación.

Examinado el recurso, concedimos al Procurador General hasta el 8 de diciembre de 2025 para exponer su posición en

cuanto al recurso presentado. El Procurador General compareció oportunamente y presentó su alegato escrito en oposición a la expedición del *certiorari* promovido. Por tanto, resolvemos.

## *-II-*

### *-A-*

La Ley de la Judicatura (Ley Núm. 201-2003) dispone en su Art. 4.006 (b) que, nuestra competencia como Tribunal de Apelaciones se extiende a revisar discrecionalmente órdenes y resoluciones emitidas por el Tribunal de Primera Instancia. 4 LPRA sec. 24y (b).

El auto *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). La expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones.

En atención a la referida regla, para determinar si debemos expedir un auto de *certiorari*, debemos tomar en consideración los siguientes criterios:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -B-

En Puerto Rico, la Regla 234 de Procedimiento Criminal, 34 LPRA Ap. II, regula la moción de supresión de evidencia y de una identificación. En lo pertinente dispone:

> En la moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o los fundamentos en que se basa la misma. El tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud y celebración de una vista evidenciaria ante un magistrado distinto al que atenderá el juicio, cuando se trate de evidencia incautada mediando una orden judicial y **la parte promovente demuestre que existe una controversia sustancial de hechos que haga necesario la celebración de la vista; en ausencia de tal demostración, el tribunal podrá adjudicar la moción sin vista previa utilizando como base los escritos presentados por las partes**. [Énfasis nuestro].

De no mediar dicha demostración, el tribunal podrá disponer de la moción tomando en consideración únicamente los planteamientos escritos de las partes, sin que resulte procedente la celebración de una vista evidenciaria.

### -III-

El peticionario solicita la revocación de la resolución recurrida mediante la cual el foro de primera instancia denegó su solicitud de supresión de la identificación realizada por múltiples testigos de cargo. Tras evaluar los escritos presentados, y las argumentaciones de las partes en sala, el tribunal denegó la solicitud de supresión. Sobre el asunto, el foro primario expresó en la resolución recurrida:

> Luego de escuchar los argumentos de las partes y examinar las normas aplicables, el Tribunal

determina que la vista de supresión de evidencia tiene como finalidad controlar y sancionar al Estado de conducta indebida en los procesos de identificación. Por tanto, en los alegados hechos existen una intervención estatal en el procedimiento impugnado. En el presente caso se alega que la identificación ocurrió de forma paralela, a través de un video de las redes sociales por parte de varios testigos, sin mediación ni intervención de entes de la policía o del Estado para la identificación. El Tribunal entiende que la consecuencia del planteamiento de la defensa constituye una cuestión de credibilidad y de peso probatorio y no de admisibilidad. Por tanto, el Tribunal deniega la Moción de Supresión de Identificación solicitada por la defensa.

En síntesis, la parte peticionaria aseveró que la identificación realizada por los testigos fue producto de una sugestividad indebida, y que padece de poca confiabilidad por lo que correspondía la celebración de una vista de supresión de evidencia.

Como vimos, el tribunal solo está obligado a celebrar una vista evidenciaria para resolver una moción al amparo de la Regla 234 de Procedimiento Criminal cuando la parte promovente demuestra que existe una **controversia sustancial de hechos** que la haga necesaria. *Pueblo v. Maldonado, Rosa*, 135 DPR 563, 569 (1994). Con tal propósito, correspondía a la parte peticionaria exponer "los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la [moción]". *Íd.* En ausencia de tal demostración, el tribunal puede adjudicar la moción a base de los escritos presentados por las partes, sin celebrar vista evidenciaria. *Íd.*

"[L]a discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018).

Al analizar con detenimiento los argumentos expuestos por el peticionario, a tenor con los criterios para determinar la expedición del auto de *certiorari* delineados en la Regla 40 del

Reglamento del Tribunal de Apelaciones, resolvemos que no procede nuestra intervención con la determinación recurrida. Agregue que, en las actuaciones del foro primario, no detectamos indicio de prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018*); Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019); Véase, *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021).

Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos no expedir el auto que nos ocupa.

### *-IV-*

Por los fundamentos que anteceden, *denegamos* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones