Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Parte peticionaria<br><br>v.<br><br>**ANGEL L. GARCÍA CALDERÓN**<br><br>Parte recurrida | **TA2026CE00330** | ***CERTORARI***<br>procedente del Tribunal de Primera Instancia Sala Superior de **Bayamón**<br><br>Caso Número:<br>**D BD2025G0281**<br><br>Sobre:<br><br>**ART. 192 DEL C.P.** |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Perez Ocasio, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 13 de abril de 2026.

El 17 de marzo de 2026, el Ministerio Público, por conducto de la Oficina del Procurador General de Puerto Rico, en adelante, Procurador General o parte peticionaria, compareció ante este Tribunal mediante recurso de *Certiorari* y solicitó la revisión de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en adelante, TPI-Bayamón, el 11 de febrero de 2026, notificada ese mismo día, mediante la cual se declaró *Con Lugar* una solicitud de supresión de evidencia ocupada por el Agente Carlos Valle Padilla, en adelante, Agte. Valle Padilla, en el caso del acusado Ángel L. García Calderón, en adelante, García Calderón.

Por los fundamentos que expondremos a continuación, *revocamos* el dictamen recurrido.

### I.

Surge del expediente, por hechos ocurridos el 30 de agosto de 2025 en el pueblo de Vega Alta, el 5 de septiembre de 2025 el Ministerio Público presentó una denuncia (DVP2025-2134) contra el señor García Calderón por infracción al Artículo 192 del Código

Penal de Puerto Rico, Ley Núm. 146 de 30 de junio de 2012, según enmendada, 33 LPRA sec. 5100, en adelante, Código Penal 2012, relacionada a la compra, recibo, retención y transportación de bienes muebles ajenos pertenecientes a otra persona y, en particular, nueve (9) ventanas de aluminio y cristal azul de seguridad y dos (2) puertas dobles.[1] Posteriormente, tras los procedimientos correspondientes, se presentó la acusación formal el 15 de octubre de 2025.[2]

El 3 de diciembre de 2025, García Calderón presentó una *Solicitud de Supresión de Evidencia* en la cual alegó que la ocupación de las ventanas y puertas fue producto de un registro ilegal realizado sin orden judicial y sin su consentimiento.[3]

El 22 de diciembre de 2026, el Ministerio Público presentó su oposición y sostuvo que el registro fue válido por haberse efectuado con el consentimiento de García Calderón, el cual constaba en un documento suscrito por este.[4]

El TPI-Bayamón celebró la vista de supresión de evidencia el 15 de enero de 2026. Durante dicha vista, el foro primario limitó el testimonio del agente investigador al acoger objeciones de la defensa bajo el fundamento de que constituía prueba de referencia, por tratarse de información provista por el querellante, Efrén Molina Rivera, en adelante Molina Rivera. Asimismo, no permitió la admisión en evidencia del documento de consentimiento al registro, por entender que también constituía prueba de referencia.[5]

Evaluada la prueba presentada, el 11 de febrero de 2026, el foro primario declaró *Con Lugar* la solicitud de supresión de evidencia.[6] Inconforme, el Ministerio Público presentó una *Solicitud*

---

[1] Entrada 1 de SUMAC TA, apéndice 3.
[2] *Íd.*, apéndice 4.
[3] *Íd.*, apéndice 5.
[4] *Íd.*, apéndice 6.
[5] *Íd.*, apéndice 2.
[6] *Íd.*

*de Reconsideración*[7], la cual fue declarada *No Ha Lugar* mediante *Orden* del 10 de marzo de 2026, notificada el 11 de marzo de 2026.[8]

Posteriormente, el 23 de febrero de 2026, el Foro de Primera Instancia desestimó la acusación por alegada violación a los términos de juicio rápido. No obstante, tras evaluar nuevamente el asunto, el foro primario reconsideró *motu proprio* y dejó sin efecto dicha desestimación mediante *Resolución* del 16 de marzo de 2026 y señaló el juicio para el 18 de marzo de 2026.[9]

Así las cosas, el 17 de marzo de 2026, el Procurador General presentó el presente recurso de *Certiorari* junto con una solicitud en auxilio de jurisdicción para paralizar los procedimientos ante el Foro Primario.[10]

En su recurso, la parte peticionaria alegó que:

**El Tribunal de Primera Instancia erró al limitar el testimonio del agente Valle Padilla e impedirle declarar sobre las gestiones investigativas que realizó bajo la premisa incorrecta de que este testimonio constituía prueba de referencia.**

**El Tribunal de Primera Instancia erró al no admitir la Identificación Núm. 1, Consentimiento a un Registro, al concluir incorrectamente que constituía prueba de referencia.**

En esa misma fecha, la parte peticionaria presentó una *Moción Informativa sobre el objeto presentado físicamente ante el Tribunal de Apelaciones y Solicitud de Autorización de Regrabación como Método de Prueba*, mediante la cual notificó la presentación de la regrabación de la vista de supresión de evidencia celebrada el 15 de enero de 2026 y solicitó su utilización como método de reproducción de la prueba oral.[11]

Examinada la referida solicitud, este Tribunal declaró *Con Lugar* el auxilio de jurisdicción solicitado y se ordenó la paralización

---

[7] Entrada 1 de SUMAC TA, apéndice 8.
[8] *Íd.*, apéndice 9.
[9] *Íd.*, apéndice 10.
[10] Entrada 1 y 2 de SUMAC TA.
[11] Entrada 3 de SUMAC TA.

de los procedimientos ante el TPI-Bayamón. Asimismo, se declaró *Con Lugar* la moción informativa presentada y se le concedió término a la parte recurrida para expresar su posición.[12]

Tras solicitar una prórroga, el 31 de marzo de 2026 García Calderón presentó su *Oposición a Urgente Petición de Certiorari.*[13]

Perfeccionado el recurso, y con el beneficio de la regrabación de la prueba oral, procedemos a expresarnos.

## II.

### A. Certiorari Criminal

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026). *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Pueblo v. Guadalupe Rivera,* 206 DPR 616, 632 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

Expedir el recurso "no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". *Pueblo v. Díaz de León,* supra, pág. 918. Conviene destacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, supra, pág. 847; *Pueblo v. Custodio Colón,* 192 DPR 567, 588 (2015). *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 435 (2013). A esos efectos, se ha considerado que "la discreción se nutre de un juicio racional apoyado en la razonabilidad y en un sentido llano de justicia y no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata-Rivera v. J.F. Montalvo,* supra.

---

[12] Entrada 4 de SUMAC TA.
[13] Entrada 5 de SUMAC TA.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, pág. 59, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Allio v. Santiago Chardón*, supra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
>
> *Allio v. Santiago Chardón, supra; BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró,* 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el Foro Apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio".

*Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

### B. Registros y Allanamientos

A nivel federal, la Constitución de Estados Unidos, en su Cuarta Enmienda, dispone lo siguiente:

> No se violará el derecho del pueblo a la seguridad de sus personas, hogares, documentos y pertenencias, contra allanamientos e incautaciones fuera de lo razonable, y no se expedirá ningún mandamiento judicial para el efecto, si no en virtud de causa probable, respaldada en juramento o promesa, y con la descripción en detalle del lugar que habrá de ser allanado y de las personas o efectos que serán objeto de detención o incautación.
> Emda. IV, Const. EE. UU., LPRA, Tomo 1.

La protección que brinda la aludida Cuarta Enmienda fue extendida a Puerto Rico por medio del caso. *Torres v. Com. of Puerto Rico*, 442 US 465, 471 (1979). Así, a través de la Carta de Derechos de nuestra Constitución, se estableció un derecho a la protección de toda persona contra registros y allanamientos irrazonables por parte del Estado. Específicamente, la Constitución de Puerto Rico dispone lo siguiente:

> No se violará el derecho del pueblo a la protección de sus personas, casas, papeles y efectos contra registros, incautaciones y allanamientos irrazonables.

> No se interceptará la comunicación telefónica.
>
> Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar o registrarse, y las personas a detenerse o las cosas a ocuparse.
>
> Evidencia obtenida en violación de esta sección será inadmisible en los tribunales.
> Art. II, Sec. 10, Const. PR, LPRA, Tomo 1; *Pueblo v. Santiago Apolinar Rondón,* 2025 TSPR 113, 216 DPR __ (2025).

De este modo, nuestra Carta Magna refleja una protección más amplia que la Constitución de Estados Unidos. Esto es así, debido a que "[e]l reconocimiento expreso del derecho a la intimidad en nuestra Constitución, y la preeminencia de éste al momento de evaluar las acciones gubernamentales, permiten que el alcance de la protección contra registros y allanamientos sea mayor". *Pueblo v. Rolón Rodríguez,* 193 DPR 166, 175 (2015); Véase, además, E.L. Chiesa, *Derecho Procesal Penal: Etapa Investigativa,* San Juan, Pubs. JTS, 2006, págs. 98–99. Por ende, para que el Estado pueda llevar a cabo un registro y/o allanamiento de la persona o sus efectos, será necesaria una orden judicial que esté basada en la existencia de causa probable. El magistrado deberá determinar la causa probable a base de criterios de razonabilidad y probabilidad, fundamentados en hechos y no en meras sospechas. *Pueblo v. Colón Bernier,* 148 DPR 135, 144 (1999).

Ahora bien, cuando el registro o allanamiento se lleve a cabo sin una orden válida, el mismo se presumirá irrazonable. *E.L.A. v. Coca Cola Bott. Co.,* 115 DPR 197, 207 (1984). Por lo cual, tendrá el Ministerio Público el peso de la prueba para rebatir dicha presunción y demostrar la legalidad y razonabilidad de la actuación del Estado. *Pueblo v. Blase Vázquez,* 148 DPR 618, 631 (1999); *Pueblo v. Vázquez Méndez,* 117 DPR 170, 177 (1986). Para ello, deberá probar que existieron circunstancias excepcionales que justificaron la intervención del Estado en ausencia de una orden

judicial previa. *Pueblo v. Blase Vázquez*, supra, pág. 631. Las mismas deberán ser evaluadas a la luz de las circunstancias particulares de cada caso. *Pueblo v. López Colón*, 200 DPR 273, 288 (2018). Algunas de estas excepciones pudieran ser:

> (1)un registro incidental a un arresto legal; (2) **un registro consentido voluntariamente de forma expresa o implícita**; (3) un registro en situación de emergencia; (4) una evidencia ocupada en el transcurso de una persecución; (5) una evidencia a plena vista; (6) cuando el agente del orden público obtiene conocimiento de la existencia del material delictivo a través del olfato; (7) una evidencia arrojada o abandonada; (8) un registro o allanamiento de una estructura abandonada; (9) una evidencia obtenida durante un registro administrativo...; (10) un registro tipo inventario, o (11) una evidencia obtenida en un lugar público como resultado de la utilización de canes para olfatear.
> (Énfasis nuestro).

No obstante, independientemente de que hubiese existido alguna de las circunstancias excepcionales, la presunción de irrazonabilidad del registro es automática ante la falta de una orden judicial previa. *Pueblo v. Blase Vázquez*, supra, pág. 632.

A modo de excepción, como mencionamos anteriormente, el Estado pudiera llevar a cabo un registro sin orden judicial cuando media el *consentimiento* de la parte que posee expectativa de intimidad sobre sus efectos. *Pueblo v. Álvarez De Jesús,* 214 DPR 753, 769-772 (2024); *Pueblo v. López Colón*, supra, pág. 288; *Pueblo v. Miranda Alvarado*, 143 DPR 356, 364 (1997); *Pueblo en interés menor N.O.R.*, 136 DPR 949, 964 (1994). Para que el mismo sea válido, es necesario que quien preste el consentimiento **tenga autoridad para ello y que sea brindado de manera voluntaria.** *Pueblo v. López Colón,* supra, pág. 289. Dicho registro debe mantenerse dentro del alcance del consentimiento otorgado, responder a los propósitos para los cuales fue concedido y limitarse a aquellas áreas donde razonablemente pueda encontrarse el objeto del registro. *Pueblo v. Narváez Cruz,* 121 DPR 429, 441-442(1988).

Asimismo, un registro será válido cuando los agentes actúan de buena fe al confiar en la autoridad aparente de un tercero. *Pueblo*

*v. Narvaez Cruz,* supra. Nuestra jurisprudencia ha determinado que, para aparentar tener autoridad para brindar el consentimiento, no es necesario que sea la persona con un interés legal sobre la propiedad en cuestión, sino que basta con que posea autoridad común y otra relación suficiente respecto al objeto a ser registrado. *Pueblo v. López Colón,* supra*,* pág. 290. "Así, la 'autoridad común' no se basa en el derecho de propiedad, sino en el *uso mutuo de los bienes por personas que generalmente tienen acceso o control conjunto sobre la propiedad.*" *Id.*, pág. 291.

### C. Supresión de Evidencia

Nuestra Constitución consagra la *regla de exclusión de evidencia,* al disponer que toda evidencia que se obtenga en violación a la protección de registros y allanamientos irrazonables será inadmisible en los tribunales. Art. II, Sec. 10, Const. PR, LPRA, Tomo 1. Véase, además, *Pueblo v. Santiago Apolinar Rondón*, supra; *Pueblo v. Rolón Rodríguez,* supra, pág. 175; *Pueblo v. Colón Bernier*, supra, pág. 148.

En armonía con este mandato, la Regla 234 de Procedimiento Criminal, 34 LPRA Ap. II, R. 234 establece el mecanismo provee un medio procesal mediante el cual una persona afectada por un registro o allanamiento ilegal podrá solicitar la supresión de la evidencia que se obtuvo como consecuencia de ello, bajo cualquiera de los siguientes fundamentos:

(a) Que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro.

(b) Que la orden de allanamiento o registro es insuficiente de su propia faz.

(c) Que la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registro.

(d) Que no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registro.

(e) Que la orden de allanamiento fue librada o cumplimentada ilegalmente.

(f) Que es insuficiente cualquier declaración jurada que sirvió de base a la expedición de la orden de allanamiento porque lo afirmado bajo juramento en la declaración es falso, total o parcialmente.
   [...]

En esta moción de supresión de evidencia se deberán exponer los hechos precisos o las razones específicas que sostengan el fundamento o fundamentos en que se basa la misma. El Tribunal oirá prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud y celebrará vista evidenciaria ante un magistrado distinto, cuando se trate de evidencia incautada mediante una orden judicial. 34 LPRA Ap. II, R. 234; *Pueblo v. Rolón Rodríguez,* supra, pág. 183; *Pueblo v. Maldonado Rosa,* 135 DPR 563, 569 (1994).

El propósito de la vista previa al juicio es tanto para fomentar la economía procesal como de recursos que se traducen en gastos. En dicha vista lo que se decide es la legalidad o razonabilidad del registro efectuado. *Pueblo v. Miranda Alvarado,* supra.

A tales efectos, la adjudicación de una moción de supresión de evidencia constituye una determinación interlocutoria, distinta al acto del juicio en sus méritos. *Pueblo v. Rivera Rivera,* 117 DPR 283, 289 (1986). Por consiguiente, en dicha vista no está en controversia la culpabilidad o inocencia del acusado, sino exclusivamente la legalidad del registro o allanamiento impugnado. *Id.* Asimismo, el quantum de prueba aplicable es el de preponderancia de la prueba. Véase, Ernesto L. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos*, Tomo I, sec. 6.7, pág. 333 (1991).

Por otro lado, sabido es que las Reglas de Evidencia no se aplican con el mismo rigor en este tipo de procedimiento. La Regla 103 de Evidencia, 32 LPRA Ap. VI, R. 103(D), dispone que estas *no*

*obligan* en determinadas etapas preliminares o interlocutorias. En atención a ello, se ha reconocido que el juez cuenta con amplia discreción para flexibilizar su aplicación en aras de adjudicar adecuadamente la controversia planteada. Véase, R. Emanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño*, 4ta ed., pág. 55-56 (2015).

Reiteramos, sería contrario a esas economías el tener que esperar al día del juicio para hacer una pausa en éste, con el propósito de dilucidar una cuestión colateral sobre admisibilidad, cuyo ofrecimiento en el juicio era anticipable. *Pueblo v. Rey Marrero* 109 DPR 739, 750 (1980)*; Pueblo v. Blase Vázquez,* supra, pág. 628; *Pueblo v. Miranda Alvarado,* supra*; Pueblo v. Valenzuela Morel,* 158 DPR 526, 539 (2003).

No obstante, dicha norma no es absoluta. La Regla 234 admite cierta flexibilidad en su aplicación, de modo que, en determinadas circunstancias, la controversia sobre la legalidad del registro puede atenderse conjuntamente en la vista en su fondo. *Pueblo v. Blase Vázquez,* supra; *Pueblo v. González Navarrete*, 117 DPR 577, 580 (1986); *Pueblo v. Hernández Flores*, 113 DPR 511, 514 (1982), *Dibella v. United States*, 369 US 121 (1962).

Asimismo, se ha reconocido que la legalidad de un registro puede plantearse incluso durante el juicio, aun cuando la solicitud de supresión haya sido previamente denegada, si de la prueba desfilada surge tal ilegalidad. Lo contrario produciría un resultado injusto al permitir que una norma procesal prevalezca sobre una garantía constitucional fundamental. *Pueblo v. Hernández Flores*, supra; *Pueblo v. Blase Vázquez,* supra.

### III.

En el presente caso, corresponde determinar si el TPI-Bayamón incidió al limitar el testimonio del Agte. Valle Padilla y al excluir el documento identificado como *Consentimiento a un*

*Registro,* bajo el fundamento de que ambos constituían prueba de referencia.

Por su estrecha relación, discutiremos conjuntamente los señalamientos de error. Adelantamos, *le asiste la razón a la parte peticionaria.*

Durante la vista de supresión de evidencia, el Ministerio Público presentó como testigo al Agte. Valle Padilla, quien comenzó a declarar sobre las gestiones investigativas realizadas tras entrevistar a Molina Rivera, incluyendo los pasos que siguió para ubicar las nueve (9) ventanas y cuatro (4) puertas presuntamente hurtadas y las razones por las cuales acudió a la residencia de García Calderón. Ante ello, la defensa objetó cualquier referencia a manifestaciones de terceros. El Tribunal acogió la objeción y extendió su alcance a impedir que el Agte. Valle Padilla explicara las acciones que llevó a cabo como parte de su investigación, por entender que tales actuaciones estaban vinculadas a información provista por Molina Rivera, quien no testificó en la vista de supresión.

Esa determinación no se ajusta a derecho. El testimonio del Agte. Valle Padilla, en la medida en que procuraba explicar el curso de la investigación y las razones que motivaron su intervención, no se ofrecía para probar la veracidad de lo manifestado por Molina Rivera. Su propósito era contextualizar la actuación policial y establecer la secuencia de eventos que condujo al hallazgo de la propiedad ocupada. Bajo ese marco, no constituía prueba de referencia.

Aun si se considerara lo contrario, ello no justificaba su exclusión en esta etapa del procedimiento. La vista de supresión de evidencia constituye una etapa interlocutoria en la que no se adjudica la culpabilidad del acusado, sino la legalidad del registro impugnado. En ese contexto, las Reglas de Evidencia no se aplican

con el mismo rigor, y el tribunal cuenta con discreción para admitir evidencia pertinente a la determinación de la razonabilidad de la intervención estatal.

Al excluir dicho testimonio, el foro primario adoptó una aplicación estricta de las normas probatorias propias del juicio en sus méritos, lo que resulta incompatible con la naturaleza y propósito de la vista de supresión. Más aún, dicha determinación privó al Ministerio Público de presentar evidencia dirigida a establecer la razonabilidad de la actuación del Agte. Valle Padilla, elemento central de la controversia ante su consideración.

Cabe destacar que la admisión de ese tipo de evidencia en esta etapa no conlleva perjuicio indebido para la parte recurrida. El acusado, García Calderón, conserva la oportunidad de impugnar y controvertir dicha prueba en el juicio, donde sí se adjudica su culpabilidad y donde las reglas probatorias se aplican con todo su rigor. De ese modo, el proceso garantiza un balance adecuado entre la protección de los derechos del acusado y la necesidad de evaluar, en una etapa preliminar, la legalidad de la intervención del Estado.

El mismo error permeó la exclusión del documento de consentimiento al registro. Del expediente surge que dicho documento fue identificado por el Agte. Valle Padilla como uno firmado por el propio recurrido con el propósito de autorizar la intervención en la propiedad. No se trata de una manifestación atribuible a un tercero ausente, sino de un documento directamente vinculado a García Calderón, cuyo contenido resulta pertinente para determinar si medió una excepción válida al requisito de orden judicial.

La exclusión de dicho documento impidió que el TPI-Bayamón evaluara prueba esencial para determinar si el registro se efectuó con consentimiento. A su vez, limitó la posibilidad de desarrollar prueba sobre las circunstancias en que se obtuvo dicha

autorización. Como consecuencia, el Foro Primario concluyó que el Ministerio Público no logró rebatir la presunción de ilegalidad del registro, luego de haber restringido los medios para hacerlo.

Esa secuencia revela un error de derecho. No resulta jurídicamente correcto impedir la presentación de la prueba dirigida a sustentar una teoría y, acto seguido, descartar dicha teoría por falta de prueba.

En estas circunstancias, la intervención de este Tribunal se justifica. El foro primario aplicó de forma incorrecta las normas probatorias en una etapa interlocutoria, lo que incidió directamente en la determinación de suprimir la evidencia ocupada. Tal actuación configura un error que amerita la expedición del auto de *Certiorari* para evitar un fracaso de la justicia.

En consecuencia, resolvemos que el TPI-Bayamón erró al limitar el testimonio del Agte. Valle Padilla y al excluir el documento de consentimiento al registro, por lo que procede revocar la resolución recurrida.

**IV.**

Por los fundamentos antes expuestos, se expide el auto de *Certiorari* solicitado, se *revoca* la *Resolución* emitida por el Foro de Primera Instancia, el 11 de febrero de 2026.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones